TERESA LOSOYA LEYVA, JOINED HEREIN BY HER HUSBAND, MANUEL LEYVA, Petitioners

v.

LUZ T. PACHECO, SR., Respondent

No. A-8867. Decided June 27, 1962
Rehearing Denied July 25, 1962
358 S.W. 2d 547

*Guinn & Guinn, Al Truex,* El Paso, for petitioners.

*Andress, Lipscomb, Peticolas* and *Fish,* El Paso, for respondent.

ASSOCIATE JUSTICE HAMILTON delivered the opinion of the Court.

This suit in the form of trespass to try title was brought by petitioner against respondent to recover title and possession of a four-room house and two lots on which it is located. The respondent entered pleas of not guilty and title by limitation under the three-year statute of limitations. The jury answered ten of twelve special issues favorable to the petitioner, but the trial judge granted respondent's motion for judgment notwithstanding the verdict. Judgment was entered that the title to and possession of

the property be awarded to the respondent Luz T. Pacheco. The Court of Civil Appeals has affirmed the judgment of the trial court. 352 S.W. 2d 898.

It is the opinion of this court that the judgments be reversed and that judgment be rendered for petitioner, Teresa Losoya Leyva. There is an abundance of conflicting testimony in this case. However, it is undisputed that in 1944 the two lots in question were conveyed by deed to Antonio Pacheco from Manuel Gallegos. Antonio Pacheco is the father of the petitioner and the respondent. Petitioner sought to establish that the property was the subject of a resulting trust in her favor. She alleged, and witnesses so testified, that she provided the funds for the purchase of the property and that her father was holding it in trust for her. Testimony by the father, Antonio Pacheco, which was submitted through deposition and affidavit, was conflicting.

The respondent argued that petitioner did not contribute the funds to purchase the property and that in 1949 the property was deeded to him by his mother and father. He also asserted title under the three-year statute of limitation. Article 5507, V.T.C.S.

The case was submitted on special issues, and the jury made the following findings of fact:

1. That petitioner paid the $300.00 purchase price for the land.

2. That respondent knew that petitioner paid for the property.

3. That the property was taken in the name of Antonio Pacheco in trust for the use and benefit of petitioner.

4. That petitioner paid $975.00 to a contractor for construction of the house on the property.

5. That respondent knew that petitioner paid for the house.

6. That the signature of Valentina M. Pacheco (mother of petitioner and respondent) on the deed was a forgery.

7. That Antonio Pacheco did not receive any consideration from respondent for the 1949 deed.

8. That Antonio Pacheco did not knowingly sign and deliver the deed to respondent.

9. That petitioner was claiming an interest in the property prior to December 4, 1949.

10. That respondent knew petitioner was claiming the property prior to the 1949 deed.

11. That respondent had peaceable and adverse possession through himself or tenants for as long as three years prior to the filing of this suit.

12. That after the 1949 deed Valentina and Antonio Pacheco occupied the premises in controversy with the permission of respondent.

Upon return of the answered special issues the trial court refused petitioner's motion for judgment on the verdict and granted respondent's motion for judgment notwithstanding the verdict. It is our opinion that the trial court erred in granting the motion for judgment notwithstanding the verdict. It is elementary that juries are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. See 27 Texas Jur. 415, Law and Fact, Sec. 6, Note 19. Also, Rule 301, T.R.C.P., states:

"The judgment of the court shall conform to the * * * verdict * * * * * * provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. * * * *"

To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict it must be determined that there is no evidence on which the jury could have made the findings relied upon. In acting upon such motion all testimony must be considered in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. Burt v. Lochausen, 151 Texas 289, 249 S.W. 2d 194.

By examining petitioner's evidence in its most favorable light it is our opinion that the trial court could not give a directed ver-

dict nor overturn a jury verdict on the ground of no evidence to support the findings. Petitioner, her sister, and her father all gave evidence to support the jury's findings.

■ Special Issues 1, 3 and 4 adequately support petitioner's theory of resulting trust. Where a transfer of property is made to one person and the purchase price is paid by another, and the transferee is a natural object of bounty of the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises. Restatement, Trusts, Sec. 443 (1935).

Respondent's claim of title under the three-year statute of limitation will not stand. At best, disregarding the finding of forgery and lack of proper signature, the deed through which respondent claims title would be deemed a conveyance of trust property by a trustee to one not a bona fide purchaser. The jury found in Special Issues 2 and 5 that respondent was aware that petitioner had paid the purchase price for the house and lots. There was testimony by petitioner, her father and her sister that respondent often admitted that the property belonged to petitioner, and he sought to buy it from her. This would preclude respondent from acquiring the status of innocent purchaser. John v. Battle, 58 Texas 591.

Article 5507, V.T.C.S., reads as follows:

"Suits to recover real estate, as against a person in peaceable and adverse possession thereof under *title* or *color of title,* shall be instituted within three years next after the cause of action accrued, and not afterward." (Emphasis added).

■ It is our opinion that a deed from a trustee to a purchaser with knowledge of the trust is not "title" or "color of title" as contemplated in Article 5507.

The word "title" in Article 5507 has been held to include both the legal and equitable title as granted by the sovereign in the original grant, to the extent that the original grant so conveyed them. District Grand Lodge No. 25, etc. v. Logan, 177 S.W. 2d 813, wr. ref.; Burnham v. Hardy Oil Co., 108 Texas 555, 195 S.W. 1139; St. Louis Union Trust Co. v. Harbaugh, 205 S.W. 496 (Texas Civ. App.), wr. ref. The purported conveyance here from a trustee to one not an innocent purchaser could only convey the legal title, which is not sufficient title to support the

three-year statute of limitation. 2 Texas Jur. 2d 281, Adverse Possession Sec. 162.

■ Article 5508, V.T.C.S., states:

"* * * [B]y 'color of title' is meant a consecutive chain of such transfers down to such person in possession, without being regular, as if one or more of the memorials or muniments be not registered, or not duly registered, or be only in writing, or such like defect as may not extend to or include the want of intrinsic fairness and honesty; * * * *."

A conveyance by a trustee to one with knowledge of the trust is wanting in intrinsic fairness and honesty, therefore will not support the three-year statute of limitation under color of title.

The jury findings, supported by evidence, establish a resulting trust in favor of petitioner, and respondent failed to establish title under the three-year statute of limitation. It is therefore ordered that the judgments of the trial court and Court of Civil Appeals be reversed and judgment rendered for petitioner, Teresa Losoya Leyva.

Opinion delivered June 27, 1962.