**WALGREEN DRUGS, INC., Appellant,**

v.

**Mrs. Luella WELCH, Appellee.**

**No. 241.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 14, 1969.

Rehearing Denied June 11, 1969.

B. Dixie Smith, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellant.

Tom R. Letbetter, law offices of Max Garrett, Houston, for appellee.

SAM D. JOHNSON, Justice.

Suit for personal injuries wherein the jury found there was no negligence on the part of the defendant and as a result did not reach the proximate cause issue. Plaintiff filed a motion to disregard the jury's answer to both the negligence and the proximate cause issue and to enter judgment non obstante veredicto. This motion was granted by the trial court.

On April 25, 1966, the plaintiff, Mrs. Luella Welch, was entering the Walgreen Drug Store accompanied by Mr. Fred Brigman. Mr. Brigman opened one of the public entry doors for Mrs. Welch to enter and as she did so she was hit by a falling object which struck her in the head. The injuries which resulted were the basis of Mrs. Welch's suit against the defendant, Walgreen Drugs, Inc.

The falling object which struck Mrs. Welch was a metal cover on a security time device attached to the top of one of the defendant's entry doors. It weighed approximately one pound. This metal cover was removed from the security device on the door each week by the defendant's

store manager, Mr. Harkness, for the purpose of obtaining the time tape for the preceding week. Such removal had been made on each Saturday morning for approximately fourteen years. Mr. Harkness was the only person during all that period of time who removed and replaced the lid in question who worked for Walgreen. To remove the metal cover Mr. Harkness used a special key which unlocked the latch located in the lower part of the cover. Replacement of the metal cover was made by fitting two holes approximately three-sixteenths of an inch in diameter in the top of the cover on two protruding pins on the time device and locking the latch in the bottom. The metal cover had never fallen at any time during the preceding fourteen years.

The accident in question occurred on Monday, April 25, 1966. On the previous Saturday morning, before the store opened for business, Mr. Harkness opened the security time device as was his custom. He removed the tape and replaced the lid in the usual manner. The door was then opened hundreds of times during the three day period before the accident occurred.

The trial court's charge to the jury contained only six special issues. Special issues number 4, 5 and 6 pertain to damages, which the jury found, but are not material to the question here. It is the first three issues which are critical. Only two witnesses' testimony relate to these issues, these being Mr. Claude Edward Harkness and Mr. Herbert M. Shilstone. The other witnesses' testimony applied solely to the damage issues.

Special issue number 1 inquired: "Do you find from a preponderance of the evidence that on April 23, 1966, Claude E. Harkness failed to properly attach the cover to the box containing the security time device?" The jury answered: "We do." Special issue number 2 was predicated on the foregoing and inquired: "Do you find from a preponderance of the evidence that such failure, if you have so found, was negligence?" The jury answered: "We do

not." Special issue number 3 was the proximate cause issue which was predicated on an affirmative answer to the foregoing and was therefore not answered by the jury. Based on the jury findings the defendant moved for judgment on the jury verdict. Motion to disregard the jury's findings to special issues number 2 and 3 and for judgment non obstante veredicto was filed by the plaintiff, however, and was granted by the court. It is from such judgment that the defendant perfects this appeal.

Issues concerning negligence and proximate cause are fact issues to be determined by a jury unless one of them is established by the evidence as a matter of law. In determining whether a fact issue is established as a matter of law, we must consider all the evidence in the most favorable light to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Leyva v. Pacheco, 163 Tex. 638, 358 S.W. 2d 547; Lindley v. Lindley, Tex., 384 S.W. 2d 676, 679. We believe it would be conceded that if the jury had found negligence in response to special issue number 2, that such negligence would have been the proximate cause of the injuries sustained. The essential question, therefore, is whether or not negligence was here established as a matter of law. We must conclude that it has not been so established.

■ Special issue number 1 contained no definition or instruction defining the failure to properly attach the cover in such a way that an affirmative finding thereon impels a conclusion of negligence. The affirmative finding in special issue number 1 is not a finding which is tantamount to a finding of negligence because it was not so defined. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949); Dedear v. James, Tex.Civ.App., 184 S.W.2d 319, writ ref., w. o. m.

Special issue number 2 was a contested fact issue on which the plaintiff had the

burden of proof. The jury responded to this issue: "We do not." The jury's answer here is a failure to find by a preponderance of the evidence that Mr. Harkness was negligent, and means, in law, that the plaintiff failed to carry her burden of proving that fact.

Our Supreme Court has spoken to this subject in this manner: "Properly interpreted, the answer is nothing more than a failure or refusal by the jury to find from a preponderance of the evidence * * * (the particular fact) * * * and means, in law, that the defendant failed to carry its burden of proving the fact." C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex.Sup.Ct.1966).

The Tyler Court of Civil Appeals very recently used this language: "In situations such as this where a jury returns a negative answer to an issue upon which the proponent has the burden of proof, the jury's negative answer need *not be supported by affirmative evidence*." (Emphasis added). Smith v. Safeway Stores, Inc., Tex.Civ.App., 433 S.W.2d 217, 218, writ ref., n. r. e.

Our Texas Supreme Court has established the criteria for this type of situation. "To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict it must be determined that there is *no evidence* on which the jury could have made the findings relied upon." (Emphasis added). Leyva v. Pacheco, supra; Burt v. Lochausen, supra; Lindley v. Lindley, supra.

■ Taking the witnesses' testimony in the light most favorable to the defendant Walgreen and indulging every reasonable intendment deducible from the evidence in its favor, it cannot be determined that there was *no evidence* on which the jury could have made its finding to special issue number 2.

It is true that Mr. Harkness was the only person who worked for Walgreen who touched the metal cover from the time it was purposely removed on Saturday morning until it fell. It is also true that the most probable direct cause of the cover's falling was that it had not been properly attached at its base, according to the testimony of Mr. Shilstone, who stated that the cover would not come off under normal opening and closing of the doors if it was properly replaced. The cover was altogether satisfactory for its intended purpose. It was in good working order. Shilstone continued by stating that if the lid was properly replaced it could not fall.

Mr. Harkness, however, testified that he replaced the metal cover in his usual and customary way, that he felt the two pins engage in the two holes in the top of the cover and that he felt the lock extend all the way down when turning the key to lock the cover onto the door. In other words, the cover was replaced exactly as it should have been. Mr. Harkness' testimony, taken in its entirety, is incompatible with the idea of negligence. Stated another way, even if affirmative testimony negativing negligence is required, it is to be found in the testimony of Harkness. It is this testimony that the jury obviously accepted and it is this testimony that supports the jury's finding in special issue number 2.

We must therefore respectfully reverse and render the judgment of the trial court.