**VIRGINIA MIRROR COMPANY, Inc.,**
**Appellant,**

**v.**

**Earl MOORE, indiv. and d/b/a Texas Glass and Mirror Company, et al.,**
**Appellees.**

**No. 493.**

Court of Civil Appeals of Texas, Tyler.

Oct. 8, 1970.

Rehearing Denied Oct. 29, 1970.

Schroeder, Guest & Hoffmeyer, Arthur G. Schroeder, Jr., Dallas, for appellant.

Esir Tobolowsky and E. D. Hurt, Dallas, for appellee, A. F. McKnight.

DUNAGAN, Chief Justice.

Appellant Virginia Mirror Company, Inc., brought suit against Earl Moore, Individually and d/b/a Texas Glass and Mirror Company, upon a sworn account, and against A. F. McKnight upon a letter of guaranty. Default judgment was entered in favor of appellant as against Earl Moore in his several capacities, from which no appeal was perfected. That portion of the suit based upon the letter of guaranty was tried to a jury, which returned a verdict favorable to appellant; upon the motion of appellee McKnight, the trial court entered judgment non obstante veredicto that appellant take nothing as against appellee. Appellant here urges that such judgment cannot stand as the jury verdict is supported by the evidence.

It is an elementary principal of our jurisprudence that the jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony, and further that the jury may draw all reasonable inferences from the evidence. " * * * (T)o sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon." Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952). Also see Rule 301, Texas Rules of Civil Procedure; C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex., 1966); Leyva v. Pacheco, 163 Tex. 638, 358 S.W. 2d 547 (1962); Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682 (1955).

The point of error presented must be viewed as a "no evidence" point. Shelton v. Ector, 364 S.W.2d 425 (Tex.Civ.App., Dallas, 1963, n. w. h.). We must therefore consider only evidence favorable to the verdict and disregard all other evidence. See Calvert, " 'No Evidence' and 'Insufficient Evidence' Points on Appeal," 38 T. L.R. 361.

It would serve no precedential value to here discuss the evidence in this case. Viewed in the proper light, we find that there is some evidence of probative value in the record to support the findings of the jury, in response to the special issues submitted to it, that appellant had not failed to use due diligence and ordinary care to

collect the debt from Earl Moore, and that appellant had not agreed with Moore that Moore could have additional time to pay for the merchandise. The judgment below as to appellee McKnight must be reversed.

■ As appellee has not brought forward by cross points, as provided by Rule 324, T.R.C.P., such grounds as would vitiate the verdict, we have no alternative but to render judgment in favor of appellant Virginia Mirror Company, Inc.

Judgment reversed and rendered.