**W. C. PERRYMAN, Appellant,**

v.

**David F. SELF, Sr., et ux., Appellees.**

**No. 5642.**

Court of Civil Appeals of Texas, Waco.

Jan. 20, 1977.

H. Kelly Ireland, Potter, Lasater, Guinn, Minton, Knight & Dickerson, Tyler, for appellant.

W. A. Keils, Jr., Teague, Joe Cannon, Groesbeck, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Perryman from $9,450. judgment against him in favor of plaintiffs Self.

Plaintiffs Self sued defendants Perryman and Corley Drilling Company for damages to plaintiffs' property during the drilling of

an oil well on such property. Plaintiffs own the surface of 280 acres of land; Perryman owns an oil and gas lease on such property; and Corley drilled the well.

During the drilling of the well Corley's employees drove a truck into plaintiffs' barn, ruined plaintiffs' fences; used a mud pump with a defective engine; all of which the jury found was negligence and a proximate cause of $9,450. damage to plaintiffs. The jury further found (Issue 10) that Corley was "acting as an employee" of Perryman, and not as an "independent contractor".

Perryman's motion for judgment non obstante veredicto was overruled by the trial court, which then rendered judgment on the verdict for plaintiffs for $9,450. against Perryman and Corley, jointly and severally, and provided Perryman indemnity over against Corley for sums paid by Perryman to plaintiffs.

Perryman appeals on one point: "The trial court erred in denying defendant Perryman's motion for judgment non obstante veredicto for the reason there was no evidence and in the alternative insufficient evidence to support the jury's finding in Issue 10 that Corley Drilling Company was acting as an employee of Perryman".

■ If Corley was an Independent Contractor, Perryman is not liable for Corley's negligence in damaging plaintiffs' property. If Corley is an agent or employee of Perryman, then Perryman is liable for such damages.

■ If there is any evidence that Corley was an agent or employee of Perryman the trial court correctly overruled the motion for judgment non obstante veredicto. And the evidence must be considered in a light most favorable against whom the motion is sought and every reasonable intendment deducible from the evidence is indulged in such party's favor. *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194; *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547.

■ Whether Corley is an independent contractor or an agent or employee depends on whether Perryman had the right to con-

trol the details of the work. *Newspapers, Inc. v. Love,* Tex., 380 S.W.2d 582; *Pitchfork Land and Cattle Co. v. King,* 162 Tex. 331, 346 S.W.2d 598.

■ Plaintiffs owned the surface of the land. Perryman owned an oil and gas lease authorizing him to drill for oil and gas. Perryman entered a written contract with Corley under which Corley agreed to drill a well at a site selected by Perryman "4900 feet * * *" for $15,000. furnishing all labor and material; and assuming liability for injuries to "any person or property, incident to or resulting from the operations of the contractor hereunder".

Witness Frizzell, Perryman's "accountant, trouble shooter and general manager" testified he was on the land during the drilling operation; that Perryman had a "drilling superintendent" on the ground during the drilling; that the drilling superintendent "represented us at the well to see that the work was properly done"; "he has the authority to protect our interest"; and "Q. And to correct things there at the well site in behalf of Mr. Perryman? A. That is right".

And Perryman introduced into evidence Exhibit 7, his report to the Railroad Commission of Texas of plugging the well. Such report was signed by "Corley," as "Agent".

While the foregoing does not conclusively establish that Corley was an agent or employee of Perryman, (and we have not considered Exhibit 7 as a judicial admission); such constitutes some evidence which the jury had a right to believe; and we think same ample to sustain the jury's answer to Issue 10.

Defendant Perryman's point is overruled.

AFFIRMED.