**Ramona GUZMAN, Administratrix for the Estate of Lorenzo Guzman and Isabel Guzman, both Deceased, Appellant,**

v.

**Minerva SOLIS, Maria Aurora Gatlin, Robert X. Solis, Martha Solis and Gloria Jean Malvani, Appellees.**

No. 04–87–00053–CV.

Court of Appeals of Texas, San Antonio.

Jan. 27, 1988.

Rehearing Denied Feb. 26, 1988.

Michael Woods Wagner, Wagner & Wagner, San Antonio, for appellant.

Charles K. Tabet, San Antonio, for appellees.

Before ESQUIVEL, BUTTS and CHAPA, JJ.,

## OPINION

CHAPA, Justice.

The previous opinion of this Court delivered December 9, 1987, is withdrawn and the following opinion is substituted.

Appellant/cross appellee Ramona Guzman, Administratrix for the Estate of Lorenzo Guzman and wife, Isabel Guzman, sued appellees/cross appellants:

a) Minerva Solis and Maria Aurora Gatlin, two of her sisters, and daughters of the deceased;

b) Robert X. Solis, Minerva Solis' husband;

c) Gloria Jean Malvani, Maria Aurora Gatlin's daughter; and

d) Martha Solis, Minerva Solis' daughter.

The suit was to recover certain monies allegedly belonging to the Estates of Lorenzo Guzman and wife, Isabel Guzman, on the theories of conversion, fraud, constructive trust, and unjust enrichment.

The jury findings were favorable to Guzman in the causes of both Estates. The jury found Gatlin owed $12,300.00, Minerva Solis owed $10,200.00, and Robert Solis owed $10,200.00 to the Estate of Isabel Guzman; Gatlin owed $4,000.00, and Minerva and Robert Solis owed $6,500.00 to the Estate of Lorenzo Guzman; and granted Guzman $10,815.00 attorney's fees. However, the trial court granted appellees/cross appellants a *non obstante veredicto* judgment as to the cause of the Estate of Isabel Guzman. Guzman appeals from that judgment. After remittitur the court entered judgment upon the jury findings as to the cause of the Estate of Lorenzo Guzman. Appellees/cross appellants by counter point, appeal only from the part of the judgment which grants attorney's fees.

The issues before this Court as to Guzman are:

1) Whether the court erred in granting a *non obstante veredicto* judgment in favor of Maria Aurora Gatlin, Minerva Solis, and Robert Solis; and

2) Whether the court erred in granting a *non obstante veredicto* judgment in favor of Minerva Solis and Robert Solis.

The only issue presented by the appellees/cross appellants is whether the court erred as a matter of law in granting judgment for attorney's fees.

The initial complaint is that the court erred in granting a *non obstante veredicto* judgment in favor of Maria Aurora Gatlin, Minerva Solis, and Robert Solis denying recovery of $12,300.00, $10,200.00, and $10,200.00 respectively.

To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict, it must be determined that there is no evidence upon which the jury could have made the findings relied upon. In acting on the motion, all testimony must be considered in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Leyva v. Pacheco,* [163 Tex. 638] 358 S.W.2d 547 (Tex.1962); *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194 (1952).

*Douglass v. Panama Inc.,* 504 S.W.2d 776, 777 (Tex.1974).

In this case, the *non obstante veredicto* judgment was granted "in accordance with the Motion For Judgment Not Withstanding The Verdict filed by them [appellees/cross appellants]." As pertains the initial point of error, the Motion For Judgment Not Withstanding The Verdict repeatedly asserts that Gatlin, and Minerva and Robert Solis are entitled to the said judgment because "there is no evidence" that the allegations against them were "done without the knowledge and consent of Isabel Guzman, deceased." Therefore, the question before this Court is whether there is evidence of probative force in the

record that the acts alleged were done without the knowledge and consent of Isabel Guzman, deceased.

The evidence in the record, considered in the light most favorable to the verdict, which tends to support the lack of knowledge and consent of Isabel Guzman is:

1) that Isabel and Lorenzo Guzman had very little education and distrusted banking institutions;

2) that Isabel trusted her daughters Minerva Solis and Maria Gatlin implicitly with her financial affairs;

3) that as a result, Maria Gatlin and Minerva Solis were in complete control of the accounts containing Isabel Guzman's money;

4) that a process was followed of opening and closing several accounts in different sets of names for reasons unknown;

5) that during this process, Maria Gatlin at times withdrew the interest/dividends earned in one account and transferred them to an account in her previous name, Maria Aurora Bautista;

6) that 3 months before the death of Isabel Guzman, a statement from San Antonio Savings account was received by Maria Gatlin, which Isabel Guzman requested be brought to her by another daughter, Pat Mitchell;

7) that when Mitchell brought the statement to Isabel, Maria Gatlin became furious that the statement had been shown to Isabel;

8) that upon noticing how little money the statement disclosed, Isabel became very upset and reacted as if she had no previous knowledge of "what was going on with her money";

9) that Isabel Guzman died several months later from a stroke; and

10) that one month after the death of Isabel Guzman, the accounts were closed and the money transferred to two new accounts, one in the names of Maria Gatlin and Minerva Solis, and another in the names of Maria Gatlin, Minerva Solis and Gloria Jean Melvani. The point of error is sustained.

■ In the next point, Guzman complains because the judgment *non obstante*

*veredicto* was granted in favor of Minerva and Robert Solis denying recovery of the $6,000.00.

With regards to the $6,000.00, the *non obstante veredicto* judgment was granted upon the allegation that there was no evidence that the $6,000.00 was owed and not paid by Minerva Solis and upon the application of the two year statute of limitations.

Ramona Guzman testified without objection that:

1) Minerva Solis admitted to Maria Gatlin and Alice Silva that $6,000.00 was borrowed by Minerva Solis from her mother, Isabel Guzman;

2) the money borrowed by Minerva Solis was never paid back; and

3) when she questioned Minerva Solis about the money, after the death of Isabel Guzman, Minerva Solis refused to give her any information.

Minerva Solis testified that she had made various and sundry withdrawals on numerous occasions of Isabel Guzman's funds, and admitted she had specifically borrowed $4,200.00 from Isabel Guzman. She further testified she had made no deposits in Isabel's accounts after borrowing the funds. The withdrawals and amount borrowed amounted to much more than $6,000.00.

Considering the evidence in the record in the light most favorable to the verdict, we hold that there is evidence that the $6,000.00 was owed and not paid by Minerva Solis.

The two year statute of limitations is an affirmative defense which is required to be plead by the party who alleges it. TEX.R. CIV.P. 94. In this case, the pleadings of the appellees/cross appellants Minerva and Robert Solis failed to plead the two year statute of limitations as an affirmative defense. Although the original record failed to include a trial amendment covering the two year statute of limitation, one now is before this Court as a result of the granted motion to file a supplemental transcript. As pertains to the two year statute of limitations, the court's charge contains issue No. 11, which reads as answered:

SPECIAL ISSUE NO. 11

If you answered "we do" to question No. 1 or 3, then answer the following question:

Do you find from a preponderance of the evidence that Isabel Guzman had knowledge or in the exercise of due Diligence should have had knowledge of the actions creating the debt or debts referred to in the above questions prior to June 21, 1983?

Answer "We do" or "We do not."

We, the jury answer <u>We Do</u>

If you answered "we do" to the above question, then answer as to which of the following transactions Isabel Guzman had knowledge or in the exercise of due diligence should have had knowledge prior to June 21, 1983, by making an "X" in the space next to any such transaction of which she had or should have had knowledge.

Money withdrawn for car <u>X</u>

Dividends withdrawn _____

The jury therefore found against the appellees/cross appellants Minerva and Robert Solis in Issue 11 as to "dividends withdrawn." The *non obstante veredicto* judgment should not have been granted on the "no evidence" allegations, or the two year statute of limitations theory. The second point is sustained.

By crosspoint, appellees/cross appellants complain only as to the judgment which awards attorney's fees.

■ Iin order to preserve a complaint for appellate review, the complaining party must make known to the trial judge his objection and his grounds thereof, and obtain a ruling upon the objection. Otherwise, he cannot raise the objection for the first time on appeal. *Lewis v. Texas Employers' Insurance Association,* 151 Tex. 95, 246 S.W.2d 599 (1952); *Irrigation Construction Co. v. Motheral Contractor, Inc.,* 599 S.W.2d 336, 342 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Cobb v. Texas Distributors, Inc.,* 524 S.W.2d 342 (Tex. Civ.App.—Dallas 1975, no writ); *McDaniel v. Tucker,* 520 S.W.2d 543 (Tex.Civ.App.—Corpus Christi 1975, no writ).

■ In this case, appellees/cross appellants failed to:

1) except to the claim for attorney's fees in Guzman's petition;

2) object to evidence presented during the trial on attorney's fees;

3) object to the submission of the special issue relating to attorney's fees;

4) object to the inclusion of attorney's fees in the judgment;

5) object to the attorney's fees in their Motion for Judgment Non Obstante Veredicto; and

6) file a Motion for New Trial complaining of the attorney's fees.

In short, appellees/cross-appellants complained about the attorney's fees for the first time on appeal, which is improper. The cross-point is rejected.

The *non obstante veredicto* judgment of the trial court as to the Estate of Isabel Guzman is reversed and rendered in accordance with the findings of the jury. The judgment as to attorney's fees is affirmed.

BUTTS, Justice, dissenting.

I respectfully disagree as to attorney fees.

First, it is well settled that attorney fees may not be awarded in conversion suits, and this was a suit for conversion. Therefore the basis of the award against the appellees/cross appellants cannot be conversion. In addition, section 242 of the Texas Probate Code speaks to an award of attorney fees as a claim against the estate under special circumstances. It is not authority for the award of attorney fees against the appellees in this case. There may be a claim against the estate in this case, but this court cannot render that decision as suggested by appellant (Guzman) in the event the appellees cannot be held liable. And even though the objection concerning liability for attorney fees was raised for the first time on appeal, where there is no basis in law for the award as made, that would not operate as a waiver of the argument. Therefore, the award of attorney fees should be reversed and re-

manded for the trial court to entertain as a claim against the estate. I would sustain the point of error. As to disposition of the merits of the case, I agree.