Affirmed and Opinion filed May 2, 2002









Affirmed and Opinion filed May 2, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00094-CV

____________

 

WEINGARTEN REALTY ADVISORS,
Appellant

 

V.

 

HARRIS
COUNTY APPRAISAL DISTRICT, Appellee.

 



 

On
Appeal from the 55th District Court

Harris County, Texas

Trial
Court Cause No. 99-43829

 



 

O
P I N I O N

This is a property tax appraisal case
involving alleged unequal taxation of commercial property.  The property owner, Weingarten Realty
Investors, appeals the trial court=s
judgment in favor of the Harris County Appraisal District (AHCAD@) and an order excluding
Weingarten=s
expert witness.  We affirm the judgment
of the trial court.

Factual and Procedural Background








Weingarten
purchased Champion=s
Village Shopping Center in December 1998, for $36 million.  Champion=s
Village is located at FM 1960 and Champion Forest Drive in Houston, Harris
County, Texas, and contains approximately 400,000 square feet of net rentable
area.

HCAD appraised
Champion=s
Village Shopping Center at $30 million for the 1999 tax year.  Weingarten protested HCAD=s appraisal, and after
exhausting its administrative remedies, timely appealed to the district
court.  In its petition, Weingarten made
two claims of entitlement to relief for the 1999 tax year under the Texas Tax
Code.  Weingarten contended the appraised
value of Champion=s
Village Shopping Center was in excess of its fair market value under the Texas
Constitution.  Weingarten also contended
the appraised value was unequal to the appraised values of several comparable
properties for purposes of ad valorem taxation.  Weingarten later non-suited the excessive
valuation appeal and proceeded to trial solely on its unequal appraisal claim.

Before trial began,
HCAD filed a motion to exclude the testimony of Weingarten=s sole appraisal expert
witness, David Dominy.  The motion, filed pursuant to E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d
549, 556 (Tex. 1995), raised four main arguments: (1) Dominy
did not consider fair market values in conducting his analysis; (2) Dominy did not consider economic characteristics for
Champion=s
Village Shopping Center or any of his Aassessment
comparables@ in
making value adjustments; (3) Dominy did not include
a reasonable number of comparable properties in his analysis; and (4) Dominy=s
value adjustments were not based upon any quantitative analysis.  Within its third argument, HCAD raised
objections to the selectivity and substantive quality of the comparable
properties as well as to the quantity of them.  In its fourth argument, HCAD objected to Dominy=s ipse
dixit used to make the required, appropriate
adjustments to the comparable properties under section 42.29(d) of the Texas
Tax Code.








Rather than conduct
a pre-trial Robinson hearing, because it was a bench trial, the trial
court Acarried
the motion@ in
the interest of efficiency.  At trial, Dominy testified Champion=s Village was unequally
appraised and its equal appraised value was $19,149,962, more than $10 million
less than HCAD=s
1999 appraisal.  At the conclusion of the
one-day bench trial, the trial court requested post-trial briefs in lieu of
closing arguments.  Along with its brief  Weingarten
submitted additional evidence for purposes of HCAD=s Robinson challenge
C the affidavits of Breck  Bostwick and Ronald Little. 
About six weeks after the trial, the court entered an order excluding
the testimony of Dominy and simultaneously signed a
takeB  nothing  judgment against Weingarten.  Weingarten filed a motion to reconsider and
motion for new trial.  The motion for new
trial was overruled by operation of law, and after a hearing on the motion to reconsider, the trial court entered no further orders.

Issues
Presented

Weingarten presents three issues for
review:  

(1) Did the trial court abuse its
discretion in excluding Weingarten=s
expert witness by misinterpreting and misapplying section 42.26(d) of the Texas
Tax Code?

(2) Does
Robinson apply to the trial court=s
exclusion of Dominy=s testimony, and if it
does, did the trial court abuse its discretion in excluding Dominy=s testimony under Robinson?

(3)
Is
Weingarten entitled to an award of reasonable attorney=s fees?  

Because the second issue is
controlling, we will discuss it first.

Standard of Review



We review an order
excluding an expert witness under an abuse of discretion standard.  Helena Chemical v.
Wilkins, 47 S.W.3d 486, 499 (Tex. 2001).  The trial court abuses its discretion when
its ruling is arbitrary, unreasonable, or made without reference to any guiding
rules or legal principles.  See Bocquet v. Herring, 972 S.W.2d 19, 21
(Tex. 1998).  We must uphold the trial
court=s
evidentiary ruling if there is any legitimate basis for it.  Owens‑Corning
Fiberglas v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).








To obtain reversal of a judgment based
upon error in the admission or exclusion of evidence, the appellant must
show:  (1) the trial court did, in fact,
commit error; and (2) the error was reasonably calculated to cause, and
probably did cause, the rendition of an improper judgment.  See Gee v. Liberty Mut.
Fire Ins. Co., 765 S.W.2d
394, 396 (Tex. 1989). 
Because the trial court did not specify the grounds on which it excluded
Dominy=s
testimony, we will affirm the trial court=s
ruling if the ruling is correct on any theory supported by the pleadings and
evidence.  See Bradley v. State ex rel. White, 990 S.W.2d 245, 247
(Tex. 1999).

The trial court did not enter findings
of fact or conclusions of law. 
Therefore, we view the trial court=s
judgment as impliedly finding all the facts necessary to support its judgment.  See Worford
v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990); Shapolsky v. Brewton,
56 S.W.3d 120 (Tex.
App.CHouston [14th Dist.] 2001, pet. denied).  Weingarten also challenges the court=s implied findings
underlying the judgment and exclusion order by contesting the legal and factual
sufficiency of the evidence to support them. 
See  Worford, 801 S.W.2d at 109.  Under an abuse of discretion standard, legal and factual
sufficiency challenges are not independent reversible grounds of error, but are
relevant factors in assessing whether the trial court abused its
discretion.  See Beaumont Bank, N.A.
v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); In
re: D.S., ___ S.W.3d ___, 2002 WL 287738, *2 (Tex. App.CHouston [14th Dist.] 2002, no pet.
h.).

Analysis








We begin by
addressing HCAD=s
contention that Weingarten waived a portion of the argument it now brings on
appeal.  In its motion to exclude expert
testimony, HCAD attacked the reliability of Dominy=s foundational data.  On appeal, HCAD argues Weingarten waived one
facet of the multi-pronged argument made below, specifically, the reliability
issue of using only portions of comparable retail centers in Dominy=s
calculations.  HCAD claims Weingarten did
not specifically address this aspect of a reliable foundation for the expert=s testimony in its original
brief.  We disagree.  As Weingarten points out in its reply brief,
under the now Anot-so-new@ appellate rules, a party
can make a simple statement of the issue or point for review.  See Tex.
R. App. P. 38.1(e).  Appellate courts treat an issue or point as
covering every subsidiary question that is fairly included in the issue or
point.  Id.; see also Stephenson v. LeBouef, 16 S.W.3d 829, 843B44 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  

Weingarten brief
presented the following issue:  AWhether the trial court
abused its discretion in excluding Dominy=s testimony under Robinson?@  In Robinson, the Texas Supreme Court
set forth a two‑part test governing the admissibility of expert
testimony.  For expert testimony to be
admissible (1) the expert must be qualified and (2) the testimony must be
relevant and be based on a reliable foundation.  E.I. du
Pont de Nemours & Co. v. Robinson, 923
S.W.2d 549, 556 (Tex. 1995). 
An issue presented for review that invokes Robinson also invokes
the reliability of an expert witness=s
foundational data, in this case the quality of the comparable properties.  Moreover, in response, Weingarten addressed
reliability of the comparable properties as portions of larger retail centers
in its reply brief.  Because Weingarten
properly presented its complaint on appeal, we now turn to address the merits
of its second issue.

   Is an expert witness insulated from a Robinson
reliability challenge when a statute

                                                     mandates the methodology?

 








In its second issue,
Weingarten argues that an expert witness is insulated from a Robinson
reliability challenge when a statute mandates a methodology, citing to Rushing
v. Kansas City S. Ry. Co., 185 F.3d 496, 506B07 (5th Cir. 1999), cert.
denied, 528 U.S. 1160 (2000). 
Weingarten claims this court is required to hold Dominy=s testimony reliable as a
matter of law because Dominy employed a statutorily
mandated methodology, specifically, section 42.49(d) of the Texas Tax
Code.  In Rushing, the Fifth
Circuit was concerned with the admissibility of an expert=s affidavit in an appeal of
a partial summary judgment.  The opponent
argued against admissibility based on the expert=s qualifications and the
reliability of his testing methods.  The
proponent responded that the expert precisely followed techniques mandated by
Noise Control Act regulations.  Unlike
this case, there was no direct challenge to the reliability of the underlying
facts or data employed by the expert in conducting the sound-level
testing.   Id.  We do not find Rushing persuasive or
controlling in this case; its reliability challenge focused on qualifications
and methodology, not underlying data. 
Reliability of methodology is only one facet of the reliable foundation
required to admit expert testimony under Texas Rule of Evidence 702.  See Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706,
713B14 (Tex. 1997).  Thus, we consider whether Dominy=s testimony satisfied Robinson.

      Did the trial court abuse its discretion
in excluding Dominy=s testimony under

                                                                     Robinson?

 

Unreliable expert
testimony is of no evidentiary value.  See Merrell Dow Pharmaceuticals, Inc. v. Havner,
953 S.W.2d 706, 712 (Tex. 1997). 
Texas Rule of Evidence 702 requires that all expert testimony, not just
scientific evidence, must be relevant and reliable before it is admitted.  Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 727 (Tex.
1998).  As noted above, a  two‑part test
governs whether expert testimony is admissible: 
(1) the expert must be qualified; 
and (2) the testimony must be relevant and be based on a reliable
foundation.  E.I. du
Pont de Nemours & Co., 923 S.W.2d at 556.  The trial court makes the initial
determination about whether the expert and the proffered testimony meet these
requirements.  Robinson, 923 S.W.2d at 556. 
The trial court may exclude the expert testimony if there is too great
an analytical gap between the data and the opinion proffered.  Gammill, 972 S.W.2d at 727.   








The trial court=s gate-keeping function
does not supplant cross‑examination as the Atraditional and appropriate
means of attacking shaky but admissible evidence.@  Id. at 728.  The availability of cross-examination,
however, does not relieve the trial court of its threshold responsibility under
Rule 702 of ensuring that an expert=s
testimony both rests on a reliable foundation and is relevant to the task at
hand.  Id.  In ruling on  reliability, the trial court is not to
determine the truth or falsity of the expert=s opinion, but is to
determine whether the expert=s
opinion is relevant, whether the analysis is correct, and whether methods and
research underlying the opinion are reliable. 
Robinson, 923 S.W.2d at 557; Gammill, 972 S.W.2d at 718, 727B28.  Rather than focus on the expert=s conclusions, the trial
court focuses on the reliability of the principles, research, and methods
underlying them, as well as on the expert=s
reasoning and methodology.  Robinson,
923 S.W.2d at 557. 
If the foundational data underlying opinion testimony is unreliable, an
opinion drawn from that data is likewise unreliable.  Merrell Dow Pharm.
Inc., 953 S.W.2d at 714.  Unreliable expert testimony is legally no
evidence.  Id. 

In Robinson,
the Texas Supreme Court identified six nonexclusive factors to determine
whether an expert=s
testimony is reliable and thus admissible. 
Robinson, 923 S.W.2d at 557.  But in Gammill,
our high court 
recognized that the Robinson factors may not apply to
certain testimony.  Gammill,
972 S.W.2d at 726. 
In non-scientific cases, it is impossible to set out specific criteria
for evaluating the reliability of expert testimony, and, ultimately, the trial
court is accorded broad discretion to determine how to assess reliability.  The Kroger Co. v. Betancourt, 996 S.W.2d
353, 362 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  As a result, reliability is an admissibility
issue for the trial court, not a weightBofBtheBevidence issue for the fact
finder.  General
Motors Corp. v. Sanchez, 997 S.W.2d 584, 590
(Tex. 1999).

Because the present
case was tried to the court and the trial court carried HCAD=s Robinson motion to
the conclusion of trial, the court heard extensive testimony concerning Dominy=s
qualifications as well as the reliability and relevance of his testimony.  As both gatekeeper and fact‑finder, the
trial court was in a unique position to assess the reliability of Dominy=s
technical and specialized knowledge and to determine whether this testimony
would assist the trier of fact to understand the
evidence and to determine the facts in issue, as contemplated by Rule 702.  The trial court was in the best position to
evaluate whether the opinions Dominy proffered were
based on a sound foundation of facts.








Because the trial
court carried HCAD=s
motion to exclude, Dominy testified as if his
opinions were admitted evidence.  The
main avenue for HCAD to challenge the reliability of Dominy=s testimony was on
cross-examination; on appeal, this does not mean that Dominy=s testimony can only be
challenged by sufficiency or weight of the evidence as opposed to
admissibility.  In fact, in its
cross-examination, HCAD extensively challenged the foundational data Dominy used in making his unequal appraisal
calculations.  It demonstrated the Acomparable properties@ used to perform his equal
and uniform valuation analysis were questionably Acomparable@ and questionably Aappropriately adjusted@ for several reasons such
that any opinion drawn from them would be unreliable.  Points HCAD made on Dominy=s cross-examination
include:

C His Acomparable
properties@ were significantly smaller retail centers
with 105, 897 to 258,513 of square feet of improvements compared to Champion
Village=s 407,013 square feet of improvements;

C Nine of the ten Acomparable
properties@ used had per-square-foot appraised values
significantly lower than Champion=s Village;  

C He used only ten Acomparable
properties@ even though there were 191 retail centers
existing in the northwest quadrant of Harris County;

C He carved out
portions of the comparable retail centers due to disparate ownership and, in
fact, used only portions of the Acomparable
properties@ selected in his equal-and-uniform analysis;

C The adjustments he
made to the Acomparable properties@ considered only
physical characteristics of condition, age, size and location; and,

C The amount of the
percentage adjustment for each characteristic of the Acomparable
properties@ that differed from Champion=s Village was
subjective.

 








Cumulatively or
separately, any one of these points could form a satisfactory basis for the
trial court to reject testimony based upon the quality of the comparable
properties as unreliable.  Though not
unbridled, the trial court had great latitude in ruling on the admissibility of
an expert appraiser=s
testimony based upon inadmissible underlying facts or data.  See, e.g., Pape
v. Guadalupe-Blanco River Authority, 48 S.W.3d 908, 916 (Tex. App.CAustin
2001, pet. denied) (upholding exclusion of comparable sales in condemnation
proceeding); Boswell v. Brazos Elec. Power Co-op., Inc., 910 S.W.2d
593, 602B3 (Tex. App.CFort Worth
1995, writ denied) (upholding exclusion of appraisal report); Southwestern
Bell v. Ramsey, 542 S.W.2d 466, 476 (Tex. App.CTyler
1976, writ ref=d n.r.e.) (upholding admission of
comparable sales in eminent domain proceeding). 


In conclusion, we
find ample support in the record for the trial court=s conclusion as Agatekeeper@ that Dominy=s testimony was
inadmissible because Dominy lacked a reliable
foundation for his opinions.  As a
result, the trial court=s
ruling to exclude Dominy=s testimony was not
arbitrary or without reference to any guiding rules or legal principles.   Thus, we find the trial court did not abuse
its discretion.

In any event, any
error in excluding Dominy=s testimony would not
provide grounds for reversal because Weingarten has not shown that the
exclusion of this evidence probably caused the rendition of an improper
judgment.  See Tex. R. App. P. 44.1 (a)(1); McCraw v. Maris, 828 S.W.2d 756, 757 (Tex. 1992).  Reversible error does not result unless the
appellant can demonstrate that the whole case turns on the particular evidence
excluded.  See City
of Brownsville v. Alvarado, 897 S.W.2d 750, 753B4
(Tex. 1995).  In making this
determination, we must review the entire record.  See McCraw,
828 S.W.2d at 757. 


To demonstrate that
the missing evidence probably caused the rendition of an improper judgment,
Weingarten reminds us that Dominy was the only
valuation witness.  However, even if Dominy=s
testimony was reliable and had been admitted into evidence, the trial judge, as
the fact-finder, could have disbelieved his testimony.  Opinion testimony does not establish any
material fact as a matter of law and is never binding on the trier of fact. McGalliard v. Kuhlmann,
722 S.W.2d 694, 697 (Tex. 1986).  When acting as the trier
of fact, the trial court judges the credibility of the witnesses, and assigns
the weight to be given to their testimony. 
See Leyva v. Pacheco, 163 Tex. 638,
641, 358 S.W.2d 547, 549 (1962); Shintech
Inc. v. Group Constructors, Inc., 688 S.W.2d 144, 152 (Tex. App.CHouston [14th Dist.]
1985, no writ).  It is not within our
power to second-guess the fact‑finder unless only one inference can be
drawn from the evidence.  See Havner v. E‑Z Mart Stores, Inc., 825 S.W.2d 456, 461 (Tex.
1992).  That is not the case here.  








Based on the entire
record, the trial court could have concluded Dominy=s testimony was shaky,
weak, and not credible.  A number of
points HCAD made on cross-examination go to the weight of this evidence.  HCAD made a showing of Dominy=s bias suggesting he
selectively chose his ten Acomparable
properties@ to
skew the numbers, thereby rendering his equal-and-uniform opinion not
believable.  Simply stated, the trial
court, as fact-finder, could have concluded the Champion=s Village Shopping Center
was not unequally appraised because it disbelieved the equalBandBuniformBappraisal value Dominy placed on the Champion=s Village Shopping
Center.  Thus, even when Dominy=s
testimony is considered as part of the evidence, the trial court could have
entered a take-nothing judgment against Weingarten.   

In conclusion, the
trial court is the gatekeeper of expert evidence, and we may not usurp that
responsibility.  We recognize there is a
tension between a trial court=s
roles as a gatekeeper and fact-finder, made all the more prominent in a
bench trial when the trial court carries a Robinson motion as opposed to
considering it pre-trial.  Nonetheless,
we hold that the trial court did not abuse its discretion in excluding Dominy=s
testimony.  Moreover, if the trial court
had erred in excluding this testimony, Weingarten has not demonstrated that the
exclusion probably resulted in the rendition of an improper judgment.
Therefore, we overrule Weingarten=s
second issue.

       Exclusion of the Expert Testimony Based on Interpretation and
Application of

                                              Section 42.26(d) of
Texas Tax Code

 

In its first issue,
Weingarten argues the trial court abused its discretion in interpreting and
applying section 42.26(d) of the Texas Tax Code to exclude Weingarten=s expert witness.  Essentially, it claims the trial court
rejected the methodology of the statute if it excluded Dominy.  We begin with a review of the statute and
this court=s
opinion in Harris County Appraisal Dist. v. United Investors Realty Trust,
47 S.W.3d 648, 653 (Tex. App.BHouston
[14th Dist.] 2001, pet. denied).  

In 1997, the
Legislature passed section 42.26(d) of the Texas  Tax Code which states: 








The District Court
shall grant relief on the ground that a property is appraised unequally if the
appraised value of the property exceeds the median appraised value of a
reasonable number of comparable properties appropriately adjusted.

Tex. Tax Code Ann. ' 42.26(d) (Vernon Supp. 2001).  In order to perform the calculation under
this statute, the appraisal expert determines a reasonable number of comparable
properties.  Then, the expert takes the
appraised value of those properties from the public record, and appropriately
adjusts them to the subject property. 
Thereafter, the appropriately adjusted comparable properties are arrayed
and a median is determined.  United
Investors Realty Trust, 47 S.W.3d at 653.

In United
Investors, this court noted that section 42.29(d) became law on January 1,
1998, enacted as part of the Taxpayer=s
Bill of Rights.  Id. at 652.  It was intended to facilitate tax remedies
for property owners.  Id.  In using the methodology mandated by this new
avenue for ad valorem tax relief, this court
rejected any requirement of independent market-value appraisals of comparable
properties, appraisal ratios or a statistical sample of comparable
properties.  Id.
at 653.  The proper application of
section 42.26(d) does not mandate consideration of market value.  Id. at 654.  Weingarten and HCAD made several arguments to
the trial court, similar to issues presented in United Investors.  These arguments question the proper
interpretation of the Texas Tax Code and what factors an expert appraisal
witness should consider in forming an unequal appraisal opinion.  HCAD=s
foremost argument is that section 42.26(d) requires consideration of
independent market-value of comparable properties.  This court rejected that argument in United
Investors.  Id. at
653.  By statute, appraised value
is market value.  Tex. Tax Code Ann. ' 23.01(a).  Furthermore, if a conflict exists between
taxation at market value and equal and uniform taxation, equal and uniform
taxation must prevail.  United
Investors, 47 S.W.3d at 654.








Dominy>s methodology complied with
section 42.26(d).  Counsel for
Weingarten systematically led Dominy through the
statute as Dominy made his calculations to form
opinions of unequal appraisal and a value for an equal appraisal.  There was nothing about his methodology that
contravened section 42.29(d) as interpreted in United Investors.  See id. at
654.  As a result, we reject the bulk of
HCAD=s
arguments in its motion to exclude before the trial court as proper grounds for
exclusion of Dominy. 
If the trial court excluded Dominy=s testimony because of
unreliable methodology, that exclusion would have been error. 

However, we have no
indication the trial court excluded Dominy=s testimony based on an
improper interpretation or application of section 42.26(d).  Nothing in the record states the trial court
rejected the methodology of the statute. 
There are no findings of fact or conclusions of law.  Weingarten directs us to no record citation
that would suggest the trial court=s
exclusion order was based on a rejection of Dominy=s methodology or a
conclusion that the statute=s
methodology was unconstitutional.  As a
result, this court is constrained and must affirm the judgment if it can be
upheld on any legal theory that finds support in the evidence.  See Curtiss
v. Commission for Lawyer Discipline, 20 S.W.3d
227, 231 (Tex. App.CHouston [14th Dist.] 2000, no pet.); Vickery
v. Commission for Lawyer Discipline, 5 S.W.3d 241, 258 (Tex. App.CHouston [14th Dist.]
1999, pet. denied).  Weingarten
tries to isolate the trial court=s
discretion in excluding evidence to an erroneous interpretation of section
42.29, essentially characterizing HCAD=s
arguments as an attack on this court=s
opinion in United Investors. 
We disagree. Although HCAD does argue statutory factors contributing to
an unreliable methodology, as it did in the United Investors, those
are not its only arguments in this case. 
HCAD also moved to exclude Dominy=s testimony on the basis of
his foundational data and the quality of the comparable properties he selected
for the calculations underlying his opinions. 
Therefore, we overrule Weingarten=s
first issue.

                                                                Attorney=s Fees








Finally, in its
third issue, Weingarten argues it is entitled to an award of attorneys= fees or remand for
consideration of its entitlement to attorneys= fees.  Because Weingarten was not a prevailing
property owner in the trial court or on appeal, it is not entitled to attorneys= fees under the
statute.  See Tex. Tax Code Ann. ' 42.29 (Vernon Supp. 2000);
Tex-Air Helicopters, Inc. v. HCAD, 15 S.W.3d 173 (Tex. App.CTexarkana
2000, pet. denied).  Accordingly, we
overrule Weingarten=s
third issue.

We affirm the trial
court=s
judgment.

 

 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Opinion filed  May 2, 2002.

Panel consists of Chief Justice Brister
and Justices Anderson and Frost.

PublishC Tex. R.
App. P. 47.3(b).