Affirmed and Memorandum Opinion filed November 18, 2008








Affirmed and Memorandum Opinion filed November 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00603-CV

____________

 

K.H. AND R.H., Appellants

 

v.

 

L. DOE AND M. DOE, Appellees

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2005-43599

 



 

M E M O R A N D U M   O P I N I O N

Appellants, K.H. and R.H., appeal from a jury verdict in
favor of their adopted daughters, L. Doe and M. Doe.  The Does sued appellants
alleging that K.H. sexually assaulted them and that his wife, R.H., knew of but
failed to report the assaults to the proper authorities.  In their sole issue
on appeal, appellants contend that the trial court erred in admitting evidence
of K.H.=s conviction for
aggravated sexual assault of M. Doe.  We affirm.








Background

In 2004, a Harris County jury convicted K.H. of felony
aggravated sexual assault of his adopted daughter, M. Doe, a child.  The jury
assessed punishment at twenty-five years= imprisonment and
a $10,000 fine.  Following the criminal trial, both daughters brought a civil
suit against appellants seeking compensatory and exemplary damages.  Prior to
trial, appellants sought to exclude evidence of the conviction through a motion
in limine, which was denied.  During trial, the Does= therapist, Dr.
Robbie Burnett, testified that the criminal conviction bolstered her opinion
that the Does= allegations were genuine.  Appellants did not object
to the reference to the conviction, and did not ask that the jury to be
instructed to disregard the testimony.  Instead, appellants later moved for a
mistrial, arguing that the jury had been unduly influenced by the evidence of
the conviction.  The motion was denied.

Subsequently, K.H. testified that he had never sexually
assaulted his daughters, and that the allegations made against him were false. 
In response to his testimony, the Does= counsel
explained, outside of the presence of the jury, that he intended to impeach
K.H. using the felony conviction.  Appellants= counsel objected
to the proposed introduction of the conviction to impeach K.H. because, he
claimed, the danger of unfair prejudice outweighed the probative value of the
evidence.  The trial judge overruled the objection.  In the jury=s presence, K.H.
then answered affirmatively when asked if a judgment for aggravated sexual
assault of a child had been entered against him.  The jury returned findings in
favor of the Does, and the court entered judgment against appellants.  They now
appeal claiming the court should not have admitted evidence of the conviction
because its prejudicial effect outweighs the probative value.

Standard of
Review








We review a trial court=s evidentiary
rulings under an abuse-of-discretion standard.  See Nat=l Liab. & Fire
Ins. Co. v. Allen, 15 S.W.3d 525, 528 (Tex. 2000) (citing Jackson
v. Van Winkle, 660 S.W.2d 807, 809B10 (Tex. 1983)). 
The test for abuse of discretion is whether the trial court acted without
reference to any guiding rules or principles. Walker v. Gutierrez, 111
S.W.3d 56, 62 (Tex. 2003).  We may not substitute our judgment for that of the
trial court. Id.  In reviewing the trial court's decision to admit a
prior conviction into evidence, we must accord the trial court Awide discretion.@  Theus v.
State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992) (citing United States
v. Oaxaca, 569 F.2d 518, 526 (9th Cir. 1978)).  As long as the trial court=s evidentiary
ruling was at least within the zone of reasonable disagreement, an appellate
court may not disturb it.   Walters v. State, 247 S.W.3d 204, 217 (Tex.
Crim. App. 2007); State v. Vasquez, 230 S.W.3d 744, 747 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).  A ruling permitting use of a prior conviction to
impeach will be reversed only upon a showing of a clear abuse of discretion.  Theus,
845 S.W.2d at 881.

Preservation of Error 








We do not address appellants= substantive
argument because we find that error was not properly preserved for our review. 
See Hasty, Inc. v. Inwood Buckhorn Joint Venture, 908 S.W.2d 494, 501
(Tex. App.CDallas 1995, writ denied).  A party may not challenge
the admission of evidence on appeal unless he pursued an adverse ruling at the
trial court level by: (1) objecting to or moving to strike the complained-of
evidence, (2) requesting the court to instruct the jury to disregard the
evidence, and, finally, (3) moving for a mistrial. Ortiz v. Ford Motor
Credit Co., 859 S.W.2d 73, 77 (Tex. App.CCorpus Christi
1993, writ denied); Harlow v. Swift & Co., 491 S.W.2d 472, 477 (Tex.
App.CEastland 1973,
writ ref'd n.r.e.).  A timely objection or motion to strike must be made at the
time the evidence is offered, the objecting party  must state the specific
ground of objection, and the party must obtain a ruling on its objection.  Tex. R. Evid. 103(a); see also
Smith Motor Sales, Inc. v. Texas Motor Vehicle Comm'n, 809 S.W.2d 268, 272
(Tex. App.CAustin 1991, writ denied); Guzman v. Soliz, 748
S.W.2d 108, 111 (Tex. App.CSan Antonio 1988, writ denied); MBank
Dallas N.A. v. Sunbelt Mfg., Inc., 710 S.W.2d 633, 638 (Tex. App.CDallas 1986, writ
ref'd n.r.e.); Duke v. Power Elec. & Hardware Co., 674 S.W.2d 400,
405 (Tex. App.CCorpus Christi 1984, no writ).  An objection must
identify the offending part of the proffered evidence and the rule that the
court will violate if it admits the evidence.  See United Cab Co. v. Mason,
775 S.W.2d 783, 785 (Tex.App.CHouston [1st Dist.] 1989, writ denied). 

Appellants filed a motion in limine seeking a preliminary
determination that evidence of the conviction was inadmissible, which was
denied by the trial court.  However, a ruling on a motion in limine is not a ruling on admissibility and does not preserve error for appellate review.  Hiroms
v. Scheffey, 76 S.W.3d 486, 489 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  Therefore, the court=s ruling on the
motion in limine did not preserve error for our review. There was also an
off-the-record discussion held by the trial judge and counsel for both parties
immediately after Dr. Burnett mentioned K.H.=s conviction, but
the record does not show an objection or request that the testimony be stricken
or that the  jury be instructed to disregard the testimony.  Appellants= failure to object
on the record and obtain an adverse ruling waived the error.  See One Call
Sys. v. Houston Lighting & Power, 936 S.W.2d 673, 677 (Tex. App.CHouston [14th
Dist.] 1996, writ denied).  Appellants did move for a mistrial following Dr.
Burnett=s testimony, but
because there was no timely objection made on the record and no request for the
jury to disregard, error was not preserved for appeal.  See Penry v. State,
691 S.W.2d 636, 649B50 (Tex. Crim. App. 1985); Gilchrest v.
State, 904 S.W.2d 935, 938 (Tex. App.CAmarillo 1995, no
pet.).  








When appellants subsequently objected to the use of the
conviction to impeach K.H.=s testimony, it had already been admitted
into evidence without objection.  An objection to evidence is waived if the
same evidence was previously admitted without objection, even though the
evidence is in a different form.  Celotex Corp. v. Tate, 797 S.W.2d 197,
201 (Tex.App.CCorpus Christi 1990, writ dism=d) (citing Richardson
v. Green, 677 S.W.2d 497, 501 (Tex.1984)).  Consequently, because
appellants failed to pursue an adverse ruling after evidence of the conviction
was initially admitted, they waived any complaint regarding the admission of
the evidence and preserved nothing for appellate review.  See Hur v. City of
Mesquite, 893 S.W.2d 227, 232 (Tex. App.CAmarillo 1995,
writ denied) (citing Cook v. Caterpillar, Inc., 849 S.W.2d 434, 442
(Tex. App.CAmarillo 1993, writ denied)).

Conclusion 

After determining that the appellants failed to preserve
the alleged error for appellate review, we overrule the sole point raised on
appeal, and affirm the trial court=s judgment.

 

 

 

/s/      J. Harvey
Hudson

Senior Justice

 

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 18, 2008.

Panel consists of
Justices Anderson and Frost, and Senior Justice Hudson.*









*  Senior Justice J. Harvey Hudson sitting by
assignment.