**Cheryl Ann DUNKER, Appellant,**

v.

**Gregory Charles DUNKER, Appellee.**

**No. B14–82–601CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 18, 1983.

Carmen A. Graham, Levy, Levy & Smith, Dickinson, for appellant.

Philip E. Hosey, Hosey, Presnall, Hosey & Fieglein, Galveston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a modification of child custody in a joint or co-managing conservatorship in which judgment was rendered for appellee. Appellant alleges five points of error. We find no error and affirm.

A decree of divorce was entered pursuant to an agreement between the parties, Cheryl Ann Dunker and Gregory Charles Dunker, on September 23, 1981. Both parties were appointed co-managing conservators of the only child born of the marriage, Jeffrey, born April 6, 1980. Permanent possession, domicile, schooling, and major medical care was placed with the appellant. The appellee was given certain visitation privileges and ordered to pay support payments. After the divorce, the appellant relocated to Indiana and remarried. The appellee remained in Galveston County and remarried. Before one year had elapsed, appellee filed a motion to modify the divorce decree, and appellant filed cross-movant's motion to modify the decree. Prior to the petitions for modification, appellee had filed a motion for contempt in Galveston County and appellant had filed and obtained a Temporary Restraining Order against appellee in the Lake Superior Court, in East Chicago, Indiana. After a hearing before the court, appellee was appointed managing conservator and appellant was appointed possessory conservator.

■ In the first point of error, appellant contends that the trial court erred as a matter of law as the evidence failed to show that the circumstances of appellant had so materially and substantially changed since the final divorce decree and that the court did not follow the burden of proof statutorily imposed by TEX.FAM.CODE ANN. § 14.08(c)(1) (Vernon Supp.1982–1983). The parties invoked the jurisdiction

of a court, with respect to custody and control of a minor child, and that vests the court with decretal powers in all relevant custody, control, possession, and visitation matters involving a child. The courts are given wide discretion in such proceedings. *Ex parte Eaton,* 151 Tex. 581, 252 S.W.2d 557 (1952).

The important consideration is that once a child is brought under the court's jurisdiction, by suit and pleading cast in terms of custody and control, it becomes the duty of the court, in the exercise of its equitable powers, to make proper disposition of all matters comprehended thereby in a manner supported by the evidence. We believe that the best interest of the child shall always be the primary consideration of the court as set forth below in TEX.FAM.CODE ANN. § 14.07:

(a) *The best interest of the child shall always be the primary consideration* of the court in determining questions of managing conservatorship, possession, and support of and access to the child. If the child is 14 years of age or older, he may, by writing filed with the court, choose the managing conservator, subject to the approval of the court. (Vernon 1975). (Emphasis added).

(b) In determining the best interest of the child, the court shall consider the circumstances of the parents.... (Vernon Supp.1982–1983).

The trial court resolved such fact issue against the appellant and in view of all the circumstances, we believe the evidence sufficiently supports the trial court's findings against the burden of proof contention. We overrule point of error number one.

The appellant contends in the second point of error that the trial court erred as a matter of law in allowing testimony in the modification hearing regarding events which occurred prior to the time of the original divorce decree. The appellant cites *Watts v. Watts,* 563 S.W.2d 314 (Tex. Civ.App.—Dallas 1978, writ ref'd n.r.e.), as the authority for the contention that the original decree acts as res judicata. We feel that *Watts* is good law. The case at bar was tried to the court and not to the jury. Therefore, the judge is presumed not to have considered any evidence that is inadmissible. Also, there is ample evidence, in the statement of facts, that occurred subsequent to the decree of divorce to comply with TEX.FAM.CODE ANN. § 14.-08(c)(1) (Vernon Supp.1982–1983), namely, the trial court's findings of fact:

That at the time the parties to this proceeding were divorced and even during the separation of the parties, the mother of the child began an adulterous relationship with a Mr. Pavlinac. That the child resided in the home of the mother while this adulterous relationship was taking place. That following the Decree of Divorce, the mother of the child moved at least seven (7) times in a period of less than one (1) year. There was no stable job environment on part of either the mother or Mr. Palvinac, the boyfriend of the child's mother....

.    .    .    .    .

There was clear evidence presented during the trial of the case which indicated that *it was in the best interest of the child that the father should be appointed Managing Conservator.* That following the divorce, the father married a woman who was a religion major and graduate of Baylor University and who was Managing Conservator of two (2) of her own children. Mr. Dunker and his present wife reside in a three (3) bedroom brick home which he is buying; he has a stable job, having worked with the same company prior to moving to Galveston County, and is now a supervisor with the Company. Mr. Dunker's present wife is a secretary to the President of First Bank of La Marque, in La Marque, Texas, and appears neat, well mannered, with a strong desire to educate and assist in properly raising a child such as JEFFREY CHARLES DUNKER.

I think the evidence is rather clear that raising a child in an environment where a woman is living in an adulterous relationship with a man with the child present— the lack of a stable home environment—

the lack of job stability—the constant moving about the country is injurious and would be damaging to the morals, education and physical and emotional well being of such a child and would be injurious for such a relation to continue.

I think that the evidence is also rather clear that the father of the child who has raised two (2) children by a previous marriage from their infancy, has a very stable job and has a nice three (3) bedroom brick home which he is purchasing with assistance of his present wife, is able to instill in the child a sense of morals and religious upbringing, as well as provide educational opportunities and a wholesome family environment which would be beneficial and a substantial improvement and certainly *in the best interest of the child.*

*For all of the above, as well as the attitudes exhibited in the trial of the case by the respective parties,* I appointed the father Managing Conservator of JEFFREY CHARLES DUNKER and appointed the mother, Possessory Conservator with stated and specific visitation rights. (Emphasis added).

Appellant's second point of error is overruled.

█ In the third point of error, the appellant contends that the trial court erred as a matter of law in allowing any hearing on the modification without the sworn affidavit required in the TEX.FAM.CODE ANN. § 14.08(d) (Vernon Supp.1982–1983). In this case, the motion to modify was filed by the appellee less than one year from the date of the original divorce. This motion cited the appellant for contempt and requested a modification of visitation. An amended motion to modify was filed shortly thereafter. Within a short period of time, the appellant responded by Original Answer and requested a transfer of the hearing to the State of Indiana. Later, still within one year, the appellant filed a motion to modify with an affidavit attached which, among other statements, states that "a co or joint managing conservator situation is not a viable or workable arrangement be-

cause of the child's age and the distance involved". With the pleadings, the case was set for a hearing and the appellee was appointed the managing conservator. We feel that the requirement of the affidavit is designed not only to prevent relitigation within a short period of time after the divorce but, where both parties seek modification of the original order, it is also within the discretion of the trial court to set the modification application for a hearing. The two motions raised the same issues; appellant sought the very opposite relief sought by appellee. The courts are given wide discretion in such proceedings. *Leithold v. Plass,* 413 S.W.2d 698 (Tex.1967). Appellant's contention on this point of error cannot be sustained; point three is overruled.

█ The fourth and fifth points of error suggests that there was no evidence or insufficient evidence to show that the circumstances of the child or parent had materially changed since the original decree of divorce, and that there was no evidence or insufficient evidence to show that the retention of appellant as a co-managing conservator would be injurious to the welfare of the child. We disagree. It is well-settled that in determining what is best for the children of divorced parents, in a custody or modification hearing, the trial court's judgment will not be disturbed by appellate courts unless there is a clear abuse of discretion. *Erwin v. Erwin,* 344 S.W.2d 923 (Tex.Civ.App.—Dallas 1961, no writ); TEX. FAM.CODE ANN. § 14.07(a) (Vernon 1975). After reviewing the entire record, we find that the evidence is sufficient. Furthermore, this court is not in a position to second-guess the trial judge who saw and heard, live, all of the witnesses at trial. Appellant's contentions on these points of error cannot be sustained. Appellant's fourth and fifth points of error are overruled.

The judgment of the trial court is affirmed.