Affirmed and Memorandum Opinion filed August 21, 2007








Affirmed and Memorandum Opinion filed August 21, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01126-CV

____________

 

KEITH JAMES HALLA, Appellant

 

V.

 

DINA MARIE HALLA, Appellee

 



 

On Appeal from the 306th
District Court

Galveston County, Texas

Trial Court Cause No. 98FD0122

 



 

M E M O R A N D U M   O P I N I O N

This
limited appeal originates from a suit to modify a trial court=s prior Order in Suit to Modify
Parent-Child Relationship, which was based on a mediated settlement agreement
between the appellant, Keith James Halla, and appellee, Dina Marie Halla,
regarding conservatorship of their son, Joseph Michael Halla.  In a single
point of error, appellant contends that the trial court erred in denying his
Motion to Amend, Correct or Reform Judgment.  We affirm.








Background

Appellant
initiated the action below by filing a petition to modify the trial court=s prior Order in Suit to Modify
Parent-Child Relationship, rendered July 6, 2001, which was based on a mediated
settlement agreement between the parties and provided in principal that (1)
each parent have primary custody of the child six months every year as joint
managing conservators, (2) the child attend Walter Hall Elementary School, and
(3) neither party be obligated to pay child support.  In response, appellee
filed a counter-petition, requesting that the court award her the exclusive
right to make decisions concerning the child=s education, and that the restriction
requiring the child attend Walter Hall Elementary School be removed.

Appellant
then filed a first amended original petition detailing in particular the
changed circumstances compelling modification of the court=s prior order, and requesting (1) the
exclusive right to designate the child=s primary residence, (2) the
exclusive right to make decisions concerning the child=s education, and (3) retention of all
other terms of the previous order.  Shortly thereafter, appellee filed a first
amended petition likewise requesting that she be awarded the exclusive right to
designate the primary residence of the child.

Following
a brief trial, the jury returned a verdict finding that circumstances had
changed sufficiently to support modification, and it was in the best interest
of the child to award appellee the exclusive right to designate the child=s primary residence, restricted to
the bounds of Clear Creek Independent School District.  After receiving the
verdict, the judge stated:  AWhat we need to do is plan on a time to finish the ancillary
matters.@  The judge then urged the parties to
attempt to reach an agreement regarding the remaining ancillary matters,
stating Aif you cannot resolve it without my
intervention we=ll have a hearing on the issues that are before me which are
basically access and child support.@  The judge then set a hearing date.








At the
subsequent hearing, the judge called the case and stated that the matter to be
addressed was Aa continuation of the hearing that started with the jury case on August
21 and ended with a verdict on . . . the jury portion of the issues on August
23.@  The judge further said:  ABoth parties were notified at that
time that we would have a hearing to resolve the final nonjury issues before
the court this afternoon at 1:30.@  The judge then asked the attorneys
if they were in agreement regarding the remaining issues before the court.  As
appellee=s counsel went through each issue in
turn, appellant=s counsel confirmed agreement on each point, including Aa child support figure which [the
parties] agreed on,@ and Aan expanded standard possession order@ altering visitation rights.  The
judge reiterated Achild support [would] be $876 per month@ and set it to commence ASeptember 15 and [continue] monthly
thereafter.@  The judge then noted that it would Aaccept those agreements as a Rule 11
agreement@ to be incorporated along with the jury verdict in its final order, and
set a timetable to provide the parties adequate time to finalize their
agreement.  At no point during the hearing did appellant object to the
proceedings or to the terms as proposed by appellee or the court.

Finally,
on September 29, 2006, the judge entered a final Order in Suit to Modify
Parent-Child Relationship, reflecting the terms of both the jury=s verdict and the parties= agreement.  Appellant subsequently
filed a Motion to Amend, Correct, or Reform the Judgment, which the court denied.

                                                                    Discussion

A trial
court=s decision modifying the parent-child
relationship is reviewed for abuse of discretion, and will only be disturbed
where it is clear the court acted in an arbitrary or unreasonable manner, without
reference to any guiding rules or principles.  Turner v. Turner, 47
S.W.3d 761, 763 (Tex. App.CHouston [1st Dist.] 2001, no pet.) (citing Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982), and Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990)).








Appellant
specifically contends:  (1) the trial court=s final Order in Suit to Modify
Parent-Child Relationship granted excessive relief not raised by the pleadings;
(2) there were no pleadings, evidence, or issues submitted to the jury
inquiring about any of the elements necessary to support modification; and (3)
the trial court had no authority to order a Abifurcated trial@ on issues not submitted to the
jury.  We shall discuss each contention in turn.

            (1)
Excessive Relief

Appellant
first contends that the trial court=s final order granted excessive
relief not raised by the pleadings when it altered appellant=s rights of access, ordered him to
pay child support, and removed the requirement that the child attend Walter
Hall Elementary School.  In child custody and support cases, the paramount
concern for the court is the best interests of the child; accordingly, detailed
pleadings are not required, and the technical rules of pleading and practice
are afforded little importance.  Cohen v. Sims, 830 S.W.2d 285, 288
(Tex. App.CHouston [14th Dist.] 1992, no writ); Aguilar v. Barker, 699 S.W.2d
915, 917 (Tex. App.CHouston [1st Dist.] 1985, no writ).  At minimum, the
pleadings must notify the opposing party of the claim involved.  Tex. R. Civ. P. 47(a).  Once the
parties have properly invoked a court=s jurisdiction, the court is given
wide discretion in the proceedings and is Avest[ed] with decretal powers
regarding all relevant custody, control, possession, and visitation matters
involving the child.@  Dunker v. Dunker, 659 S.W.2d 106, 107-08 (Tex. App.CHouston [14th Dist.] 1983, no writ)
(citing Ex parte Eaton, 252 S.W.2d 557 (Tex. 1952)); see also
Leithold v. Plass, 413 S.W.2d 698, 701 (Tex. 1967).








Although
appellant correctly notes that a trial court=s judgment must conform to the
pleadings, A[w]hen issues not raised by the pleadings are tried by express or implied
consent of the parties, they shall be treated in all respects as if they had
been raised in the pleadings.@  Tex. R. Civ. P. 67; see
also id. 301 (AThe judgment of the court shall conform to the pleadings, the
nature of the case proved and the verdict, if any . . . .@); Herrington v. Sandcastle Condo.
Ass=n,
222 S.W.3d 99, 102 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (A[A] trial court cannot enter judgment
on a theory of recovery not sufficiently set forth in the pleadings or
otherwise tried by consent.@) (emphasis added).  In order to determine whether an issue
was tried by consent, this Court must Aexamine the record not for evidence
of the issue, but rather for evidence of trial of the issue.@  Haas v. Ashford Hollow Cmty.
Improvement Ass=n, 209 S.W.3d 875, 883-84 (Tex. App.CHouston [14th Dist.] 2006, no pet.);
Pickelner v. Adler, No. 01-03-01050-CV, 2007 WL 1844922, at *4 (Tex. App.CHouston [1st Dist.] June 28, 2007, no
pet.) (quoting RE/MAX of Tex., Inc. v. Katar Corp., 961 S.W.2d 324, 328
(Tex. App.CHouston [1st Dist.] 1997, no pet.)).  For example, consent may be found
where Aevidence [regarding a party=s unpleaded issue] is developed under
circumstances indicating both parties understood the issue was in the case, and
the other party failed to make an appropriate complaint.@  Haas, 209 S.W.3d at 884
(citing Johnson v. Structured Asset Servs., LLC, 148 S.W.3d 711, 719
(Tex. App.CDallas 2004, no pet.)).

In the
present case, it is clear from the record that both parties expressly consented
to adjudicate not only the issues presented to the jury but also the ancillary
matters of child support, access, and school attendance not explicitly raised
in the pleadings.  After the jury returned its verdict, the judge requested
that the parties attempt to resolve the nonjury issues of child support and
access, stating that barring agreement, a hearing would be held on those
subjects.[1]  Appellant
did not object to this procedure and even agreed to set a date for the
hearing.  Subsequently, at the hearing, the judge called the case, stating that
it was a continuation of the earlier proceeding.  Both parties indicated to the
court that they had come to an agreement and would draft an order in the form
of a Rule 11 agreement to be incorporated in the trial court=s final judgment.  See Tex. R. Civ. P. 11.








Among
the matters addressed in the proceedings and agreed to by appellant=s counsel were the amount of child
support appellant would be obligated to pay, as well as the adoption of an
expanded standard possession order modifying appellant=s visitation rights.  At no time did
appellant=s counsel object to these issues as proposed by opposing counsel, let
alone their inclusion in the proceedings before the court; rather, appellant=s counsel merely requested ample time
to review the final order with his client before it was submitted to the
court.  Thus, appellant had several opportunities to object to the inclusion of
the issues of child support, access, and school attendance in the proceedings
but did not do so.[2]  Accordingly, we find that
appellant consented to trial of these issues.

                                    (2)
Elements Necessary to Support Modification

Next, appellant
contends that there are Ano pleadings, evidence or issue [sic] submitted to the jury@ regarding the elements necessary to
support a modification as required by chapter 156 of the Texas Family Code.  To
modify a previous order providing child support or detailing conservatorship of
a child:  (1) the modification must be in the best interest of the child, and
(2) the circumstances of the child, conservator, or other person or party
affected by the order must have materially and substantially changed since the
earlier of (a) the date the order was rendered, or (b) the date the mediated
settlement agreement on which the order is based was signed.  See Tex. Fam. Code '' 156.101, 156.401.








We begin
by noting that because appellant did not raise this argument in the trial
court, he failed to preserve it.  See Tex.
R. App. P. 33.1; Greenberg Traurig of N.Y., P.C. v. Moody, 161
S.W.3d 56 (Tex. App.CHouston [14th Dist.] 2004, no pet.).[3] 
Further, even if appellant had preserved error, appellant=s argument that no pleadings raised the
elements necessary to support modification is factually incorrect because
appellant=s own First Amendment to Original Petition to Modify Parent-Child
Relationship (1) alleged that A[t]he actions of a person affected by the order have
materially and substantially changed since the ratification of the [court=s original July 6, 2001] Order,@ and (2) mentioned the best interests
of the child.  Appellant=s contention that no issue was submitted to the jury is also
factually incorrect:  Question 1 of the jury charge specifically asked whether
it was Ain [the child=s] best interest to modify the
existing order and [whether there had] been a material and subsequent change in
either his circumstance [sic] or those of either of the conservators to warrant
a modification of the current court order.@  Lastly, regarding appellant=s contention that no evidence
supports a finding on the elements necessary for modification, appellant cites
no authority and provides no analysis regarding the legal sufficiency of the
evidence.  Accordingly, this issue is not properly briefed.  See Tex. R. App. P. 38.1(h).  For the
foregoing reasons, we find appellant=s argument alleging the absence of
the elements necessary to support modification without merit.

                                                           (3)
ABifurcated Trial@








Finally,
appellant contends that the judgment should be corrected to conform strictly to
the jury=s verdict because the trial court Ahad no authority to order a
bifurcated trial on issues . . . not found by the jury@Cnamely, child support and access.  In
child support and custody cases tried before a jury, the court may not
contravene a jury verdict on the determination of (1) which joint managing
conservator has the exclusive right to designate the primary residence of the
child, or (2) whether to impose a restriction on the geographic area in which a
joint managing conservator may designate the child=s primary residence.  Tex. Fam. Code ' 105.002(c).[4] 
By contrast, the court may not submit to the jury questions on the issues of
(1) support, (2) specific terms or conditions concerning access to the child,
or (3) any other rights or duties of a conservator other than the right to
designate the primary residence of the child.  Id.[5]

In the
present case, the jury was appropriately charged within these limitations;
specifically, the jury was asked to decide whether a modification was in the
child=s best interest and whether there had
been a change in circumstances, and then, if so, which parent to award the
exclusive right of designating the child=s primary residence, as well as
whether to restrict that right geographically.  Moreover, the jury charge
explicitly stated A[t]he Judge will decide on the terms of visitation, support,
and other specific rights awarded to one or both parents.@  The record further reflects that
the issues of child support and access were properly bifurcated from the jury
portion of the trial and subsequently settled by the parties themselves. 
Therefore, the trial court did not abuse its discretion by addressing the
issues separately.  Accordingly, appellant=s sole point of error is overruled.

We
affirm the trial court=s judgment.

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

Judgment rendered and Memorandum
Opinion filed August 21, 2007.

Panel consists of Chief Justice
Hedges and Justices Hudson and Guzman.









[1]  It is the policy of this state to encourage the
resolution of disputes involving the parent-child relationship through
voluntary settlement procedures.  Tex.
Civ. Prac. & Rem. ' 154.002.





[2]  Because appellant ordered only post-trial excerpts
of the reporter=s record, it is impossible to tell what may or may not
have been raised during the jury trial.  We must presume that missing parts of
the record are relevant and support the judgment.  Tex. R. App. P. 34.6(c); see also Mason v. Our Lady Star
of Sea Catholic Church, 154 S.W.3d 816, 819-20 (Tex. App.CHouston [14th Dist.] 2005, no pet.) (citing Christiansen
v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990)).





[3]  Appellant=s
Motion to Amend, Correct or Reform Judgment argued that the trial court=s final judgment granted excessive relief, unsupported
by the pleadings, by altering appellant=s
visitation rights, obligating him to pay child support, and removing the
requirement the child attend a particular school.  Appellant cites to no other
point in the record for preservation of this issue.





[4]  To support his argument, appellant cites Rule 300 of
the Texas Rules of Civil Procedure (stating that where a special verdict is
rendered, the court shall render judgment thereon) and Traywick v. Goodrich
(holding A[w]here there is no irreconcilable conflict in the
jury=s findings, it is the ministerial duty of the Judge to
enter a judgment on the verdict and the matter involves no judicial or
discretionary powers.@).  Tex. R.
Civ. P. 300; 364 S.W.2d 190, 191 (Tex. 1963).  It should be noted,
however, that in rendering its final judgment in the present case, the trial
court did not alter the verdict as returned by the jury but rather incorporated
it unchanged in the final order.  Thus, the court did not contravene the jury=s verdict, but preserved its determination intact.





[5]  We take no position regarding whether a trial court
may still make advisory submissions to the jury on these issues.  See Martin
v. Martin, 776 S.W.2d 572, 574 (Tex. 1989) (discussing use of advisory
submissions under former Family Code section 11.13(b), a predecessor to section
105.002); see also Lenz v. Lenz, 79 S.W.3d 10, 20 (Tex. 2002)
(discussing Martin as well as advisory submissions under prior version
of section 105.002).