NO. 07-10-0413-CR

NO. 07-10-0414-CR

NO. 07-10-0415-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

MAY 13, 2011

 

______________________________

 

 

BOBBY JOE LEE, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 432ND DISTRICT COURT OF TARRANT
COUNTY;

 

NOS. 1181069D, 1181071D, & 1181073D; HONORABLE
RUBEN GONZALEZ, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            Following a plea of not guilty,
Appellant, Bobby Joe Lee, was convicted by a jury of theft of property valued
at $20,000 or more but less than $100,000, enhanced,[1] in
cause numbers 1181069D and 118071D, and criminal mischief with a pecuniary loss
of $100,000 or more but less than $200,000, enhanced,[2] in
cause number 1181073D.  The fifty year
sentences imposed in each cause were ordered to run concurrently.  Appellant's notices of appeal were timely
filed on September 2, 2010, and following the filing of the appellate record,
his briefs were originally due to be filed on January 26, 2011. 

            On January 28, 2011,
Appellant's appointed counsel, Richard C. Kline, requested a sixty-day
extension of time in which to file Appellant's brief citing as grounds his busy
schedule.[3]  An extension was granted to February 25,
2011, and counsel was advised that subsequent extensions would not be granted
absent good cause.  On February 28, 2011,
counsel filed a second motion for extension of time reasonably explaining that
in addition to his busy schedule, he had a legitimate personal reason for the
request.  A second extension was granted
to March 31, 2011.  After the new
deadline passed, counsel filed a third motion for extension of time based not
only on his trial schedule, but also on the fact that he was moving his
personal residence.  This Court granted
yet another extension setting the new deadline at May 5, 2011.  At that time counsel, was admonished that
failure to comply with the deadline might result in the appeal being abated and
the cause remanded to the trial court for further proceedings pursuant to Rule
38.8(b)(2) of the Texas Rules of Appellate Procedure.[4]

            After the May 5, 2011
deadline passed, counsel filed his Fourth
Motion for Extension of Time to File Appellant's Brief explaining that he
had filed a brief in the Second Court of Appeals on April 25, 2011, and was set
for a murder trial beginning May 9, 2011. 
To date, Appellant's counsel has failed to file Appellant's brief. 

            By Order of this Court,
Appellant's Fourth Motion for Extension
of Time to File Appellant's Brief is denied.

We now abate this appeal and remand the cause to the trial
court for further proceedings.  Upon
remand, the trial court shall immediately determine why counsel has failed to
timely file Appellant=s brief and take such action as is
necessary to ensure that the brief is filed with the Clerk of this Court on or
before June 20, 2011.

Should counsel file Appellant's brief on or before, June 6,
2011, he is directed to notify the trial court, in writing, of the filing,
whereupon the trial court shall not be required to take further action.  If, however, the brief is not filed by that
date, pursuant to Rule 38.8(b)(2) and (3) of the Texas
Rules of Appellate Procedure, the trial court is directed to conduct a hearing
to determine the following: 

1.           
whether Appellant
desires to prosecute the appeals;

2.           
whether
Appellant=s counsel has effectively abandoned
the appeals given his failure to timely file the brief; and

3.           
whether
Appellant has been denied effective assistance of counsel and is entitled to
new appointed counsel.

 

Should it be determined that Appellant does want to continue these appeals
and the trial court determines he is entitled to new appointed counsel, the
name, address, telephone number, and state bar number of the newly-appointed
counsel shall be provided to the Clerk of this Court.  The trial court shall execute findings of
fact and conclusions of law, and shall cause its findings, conclusions and any
necessary orders to be included in a supplemental clerk's record to be filed with
the Clerk of this Court by June 27, 2011. 
Finally, newly appointed counsel shall file Appellant's brief within
thirty days after the date of appointment. 

It is so ordered.

 

Per Curiam

Do not publish.

 

 

 

 

                                                                                    

 

 











[1]Tex.
Penal Code Ann. § 31.03(e)(5) (West Supp. 2010).

 





[2]Tex.
Penal Code Ann. § 28.03 (b)(6) (West Supp. 2010).

 





[3]The
normal press of business is generally not considered good cause.  Curry v. Clayton, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no
writ).  This Court's guideline is
to grant subsequent extensions for good cause.

 





[4]Notwithstanding
that this appeal was transferred from the Second Court of Appeals, counsel is
not unfamiliar with this Court's guidelines on motions for extensions of
time.  See Salzido v. State, No. 07-10-0031-CR,
2010 Tex.App. LEXIS 5658 (Tex.App.--Amarillo July 19, 2010, no
pet.) (not designated for publication) (abating
the appeal to the trial court after counsel filed a fourth request for an
extension of time in which to file an appellant's brief).








argin-bottom:12.0pt;
margin-left:.5in;text-indent:.5in;line-height:200%;mso-pagination:widow-orphan'>1. Analysis

            As urged by Appellee,
none of the "clothing and personal possessions" of the minor children
awarded to him fall under the categories creating custodial property listed in
section 141.010.  Because Appellee was
designated joint managing conservator with the exclusive right to designate the
primary residence of the children, the trial court did not abuse its discretion
in awarding him the children's personal possessions.  Issue one is overruled.  

Issue Two

By her second issue, Appellant challenges the following
findings of fact:

1. The periods of possession comply with the Standard
Possession Order.

2. It is in the best interest of the minor children
for all contact of the maternal grandmother with the minor children be while
they are in the presence of the Petitioner, Mickie
Joe Blount.

3. It is in the best interest of the children that
Nathan Bradley Blount . . . shall have the right to establish the primary
residence of the children . . . .

4. That Nathan Bradley Blount receives as his separate
property the following:  

            All
clothing and personal possessions of the minor children . . . .

Although multifarious, Appellant's second issue can be distilled to (1) disagreement
with the trial court's decision to place a restriction on visitation between
the minor children and the maternal grandmother, which she contends was not
plead nor tried by consent, (2) an erroneous and harmful admission of testimony
from Sandra Hatcher, and (3) dissatisfaction with the award to Appellee of the
minor children's personal possessions. 

A. Standard of Review--Findings of Fact

Findings of fact entered in a case tried to the bench have
the same force and dignity as a jury=s verdict upon questions. 
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991); City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395
(Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref=d n.r.e.).  However, the findings are not conclusive when
a complete statement of facts appears in the record if the contrary is
established as a matter of law or if there is no evidence to support the
findings.  Middleton v. Kawasaki Steel
Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), writ ref=d n.r.e., 699
S.W.2d 199 (Tex. 1985) (per curiam).  

A trial court=s findings of fact are reviewable for
legal and factual sufficiency by the same standards applied in reviewing the
sufficiency of the evidence supporting a jury=s finding.  Anderson,
806 S.W.2d at 794.  In reviewing a legal
sufficiency issue, we consider only the evidence and reasonable inferences
therefrom which, when viewed in their most favorable light, support the court's
findings, disregarding all evidence and inferences to the contrary.  Lewelling
v. Lewelling, 796 S.W.2d 164, 166 (Tex.
1990).  If there is more than a scintilla
of evidence to support the finding, the no evidence challenge must fail.  Id. 


In considering a factual sufficiency
issue, we review all the evidence and reverse only if the challenged finding is
so against the great weight and preponderance of the evidence as to be
manifestly unjust.  Pool v. Ford Motor
Co., 715 S.W.2d 629, 635 (Tex. 1986); In re King's Esate,
150 Tex. 662, 244 S.W.2d 660, 661 (1962). 
We are not to reweigh the evidence and set aside the finding merely
because we feel that a different result is more reasonable.  Pool, 715 S.W.2d at 634.  The trier of fact is the sole judge of the
credibility of the witnesses and the weight given their testimony, Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d
547, 549 (1962), and it may believe one witness and disbelieve another as well
as resolve inconsistencies in testimony. 
McGalliard v. Kuhlmann,
722 S.W.2d 694, 697 (Tex. 1986).  

B. Standard of Review--Evidentiary Rulings

A trial court has broad discretion in
considering testimony and evidence, with regard to what conditions are
detrimental or advantageous to children for the purpose of deciding custody
issues in a divorce proceeding.  Niskar v. Niskar,
136 S.W.3d 749, 753 (Tex.App.--Dallas 2004, no pet.).  A trial court's ruling on the admission of
evidence is reviewed for abuse of discretion. 
In the Interest of J.P.B., 180
S.W.3d 570, 575 (Tex. 2005).  We will not
reverse a trial court for an erroneous evidentiary ruling unless the error
probably caused the rendition of an improper judgment.  Tex. R. App. P. 44.1(a)(1).  

1.  Analysis

Initially, we address Appellant's
argument that the trial court's restriction on the maternal grandmother's
visitation was not based on the pleadings nor tried by consent.  After the divorce hearing, counsel for
Appellee requested by letter that the trial court include a restriction in the
decree on the maternal grandmother's visitation with the minor children.  Counsel for Appellant disagreed with the
request and objected to any such provision as being unsupported by the
evidence.  Technical rules of practice
and pleadings are of little importance in determining issues concerning the
custody of children.  Conley v. St. Jacques, 110 S.W.2d 1238,
1242 (Tex.Civ.App.--Amarillo 1937, writ dism'd).  When the parties invoke the jurisdiction of a
court with respect to custody and control of a minor child, that vests the
court with decretal powers in all relevant custody,
control, possession, and visitation matters. 
Dunker v. Dunker, 659 S.W.2d
106, 108 (Tex.App.--Houston [14th Dist.] 1983, no writ).  Courts are given wide
discretion in these type proceedings.  Id. 

Regarding Appellant's challenge to
the trial court's finding that the periods of possession comply with the
Standard Possession Order, we have previously concluded that the finding is not
an infringement of Appellant's possessory rights.  As for the restriction on the maternal
grandmother's visitation with the minor children, the evidence shows that
during their marriage, Appellant and Appellee had an agreement not to expose
their children to Appellant's mother because of the manner in which she had
raised Appellant.  Appellant testified
that she had not had any communication with her mother between Christmas 2005
and May 2009.  

Appellee testified that he had
witnessed Appellant's mother strike her on the mouth.  Sandra Hatcher, a lifelong friend of
Appellant's, testified over relevance objections that Appellant confided in her
about the relationship between Appellant and her mother. When Appellant was in
high school, she decided to live with her father because of physical
altercations with her mother and instances of behavior which could be labeled
as both physical and emotional abuse.[5]  During her testimony, Appellant admitted to not
getting along with her mother but denied any physical or emotional abuse.

Appellant contends the trial court
erroneously admitted Hatcher's testimony over her relevance objections.  We disagree. 
Evidence is relevant if it has a tendency to make the existence of any
fact that is of consequence to the determination of the action more probable or
less probable than it would be without the evidence.  Tex. R. Evid.
401.  Appellant, a teacher, testified she
had found employment in Petrolia, a suburb of Wichita Falls.  She arranged day care for her daughter, who
was too young for school, and her son would be attending school where she was
teaching.  However, she had no support
system nearby to help with the children or their activities.  Her mother, however, lived approximately
sixty miles away.  We conclude the trial
court did not abuse its discretion in admitting Hatcher's testimony and find
the evidence is legally and factually sufficient to support the trial court's finding
that it is in the best interest of the children to restrict their visitation
with their maternal grandmother to being in Appellant's presence.  

Appellant alleges legal and factual
insufficiency of the evidence to support the trial court's determination that
Appellee be awarded the right to establish the children's primary residence.  We disagree. 
At the conclusion of the evidence, the trial court ruled for Appellee
and announced:

I think the support for those children is so much
greater.  [Appellant], you're moving to a
new town.  You're around strangers.  Your family is 60 miles away.  We've got so much -- this is the hardest decision
I've made as a Judge . . . .  I am always
for the kids.

* * *

So understand upfront that my job . . . requires me to
do what's in the best interest of . . . those children
. . . .

 

The evidence is undisputed that Appellant and Appellee are
both loving and caring parents.  Both of
them are teachers in small schools with exemplary ratings where their children
would attend school.  They both maintain
suitable homes.  However, the trial
court, in its discretion, was persuaded by Appellee's supportive family,
friends, and community.  The proverb
"it takes a village to raise a child," is apparent in the lives of
the children and the community of Paducah. 
Appellee's parents, grandparents, and a couple the children affectionately
refer to as Granny and Gramps, are all very involved in the children's lives
and activities.  We conclude the trial
court's finding is supported by sufficient evidence.  

          Appellant also contests the trial court's
finding awarding Appellee the children's personal possessions.  As previously discussed, because Appellee was
named joint managing conservator with the exclusive right to determine the
children's primary residence, it is logical that he would be awarded their
personal possessions, none of which require him to be appointed as a custodian
under the Texas Property Code.

         Having reviewed the entire record, we conclude
the challenged findings are all supported by more than a scintilla of evidence
and are not so against the great weight and preponderance of the evidence as to
be manifestly unjust.  See Lewelling,
796 S.W.2d at 166. 
See also Pool,
715 S.W.2d at 635.

III. 
Issue Three

            By her third issue, Appellant
maintains that her due process right to a fair and impartial judge was violated
and that the trial judge should have recused himself.  Her argument appears to be based upon four reasons:
(1) the judge "spoke informally to a witness while he was on the stand,"
(2) he allowed inadmissible evidence, (3) he "include[ed]
himself in the local environment to which the children were placed" and
(4) he heard a King County case in Cottle County.   We find
no reversible error.  

            During the presentation of testimony the trial judge
engaged in a verbal exchange with one of the witnesses, Justin Nash, that indicated some degree of familiarity between the
two of them.[6]  A review of the record, however, reveals that
no objection was made to this exchange and no motion to recuse pursuant to Rule
18a of the Texas Rules of Civil Procedure was ever filed.   Furthermore,
no objection to the impartiality of the trial judge or to the propriety of
hearing the case in Cottle County was ever made.  In fact, the record reflects that both Appellant
and her counsel signed a "Waiver of Venue" agreeing to conduct the trial
of this case in Cottle County for the convenience of the trial court.   Because no timely request, objection or
motion was ever made, Appellant has preserved nothing for review.  See
Tex. R. App. P. 33.1(a)(1).  Issue three is overruled.

Conclusion

            The trial court's judgment is affirmed.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 











[1]From
the Issues Presented portion of the brief to the Summary of Argument, and
finally to the Arguments and Authorities section, Appellant strays from her
propositions and this Court strains to discern her contentions.  Additionally, Appellant's issues are
multifarious, her briefing is difficult to decipher, and some of her arguments
are incomprehensible. 

 





[2]Throughout
her analysis under issue one, Appellant mischaracterizes the trial court's
Findings of Fact as Conclusions of Law which, she argues, require reversal
under a de novo standard of
review.  To the contrary, Findings of
Fact have the same force and dignity of a jury's verdict upon questions and are
reviewed the same as a jury's verdict.  Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).

 





[3]A
Standard Possession Order is one that complies with chapter 153, subchapter F
of the Texas Family Code.





[4]Article
16, section 15 describes separate and community property of a husband and wife
while section 141.010 
is entitled "Manner of Creating Custodial Property and
Effecting Transfer; Designation of Initial Custodian; Control."  





[5]Hatcher
testified that Appellant's mother would grab Appellant by the hair and slam her
into walls and tell her she was worthless and useless.  She testified about an incident that
Appellant confided in her that when she was ten or eleven, her mother slammed
her head through a window for not properly cleaning the house.  Her mother then refused to take her to a
doctor for stitches and stitched the wound herself.  Hatcher continued that Appellant's mother
told Appellant, "You've been nothing but trouble for me all your life and
you're not getting me in trouble over this."

 





[6]During
the exchange, witness Nash directly addressed the trial judge by his first
name.  The exchange dealt with the value
of goats in Cottle County.  While the
trial judge could have reminded the witness to maintain the decorum of the
court by avoiding such personal exchanges, nothing about the exchange suggests
to this Court any impropriety by the trial judge.