NO. 07-09-0353-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 26, 2011

_____

MICKIE JO BLOUNT, APPELLANT

V.

NATHAN BRADLEY BLOUNT, APPELLEE

_____

FROM THE 50TH DISTRICT COURT OF KING COUNTY;

NO. 2009-638; HONORABLE WILLIAM "BILL" HEATLY, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Mickie Jo Blount, presents three issues challenging the Final Decree of Divorce entered by the trial court in her suit against Appellee, Nathan Bradley Blount. Specifically, Appellant maintains (1) the trial court erred in including objected-to items in the decree which were not plead or tried by consent and which were not supported by the evidence, specifically a visitation restriction pertaining to the maternal grandmother, (2) the trial court admitted irrelevant testimony regarding the character of the maternal

grandmother as it relates to the "best interest" finding, and (3) her right to a fair and impartial judge was violated by several instances of judicial misconduct. We affirm.

## Background

Appellant and Appellee were married in June 2002 and ceased living together as husband and wife on March 28, 2009. They are the parents of two minor children born in 2001 and 2006. On April 27, 2009, Appellant filed for divorce in King County. She plead for joint managing conservatorship of the children and requested the exclusive right to designate their primary residence. Following a hearing and presentation of evidence in Cottle County, the trial court signed the final decree of divorce on September 15, 2009, which named Appellant and Appellee as joint managing conservators with Appellee having the exclusive right to designate the primary residence of the children. Appellant was granted standard visitation and ordered to pay child support. Additionally, the trial court found that it was in the best interest of the children to have contact with the maternal grandmother only in the presence of Appellant. As requested by Appellant, the trial court signed Findings of Fact and Conclusions of Law. Appellant filed a Motion for New Trial which was overruled by operation of law.

### I. Issue One

By her first issue,[1] Appellant challenges the trial court's finding of fact that "[i]t is in the best interest of the minor children for all contact of the maternal grandmother with

[1]From the Issues Presented portion of the brief to the Summary of Argument, and finally to the Arguments and Authorities section, Appellant strays from her propositions and this Court strains to discern her

2

the minor children be while they are in the presence of the Petitioner, Mickie Jo Blount."[2]   Appellant also challenges the trial court's finding that "[t]he periods of possession comply with the Standard Possession Order."[3]   She argues that the first finding creates a deviation from the Standard Possession Order which infringes on her visitation rights.  By this same multifarious issue, Appellant further challenges the trial court's award to Appellee as his separate property, "[a]ll clothing and personal possessions of the minor children . . . ."  We disagree with Appellant's contentions.

## A.  Standard of Review--Standard Possession Order

We give wide latitude to a trial court's determinations on possession and visitation issues, reversing the court's decision only for abuse of discretion.  *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).  A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles.  *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).  The best interest of a minor child shall always be the primary consideration of the trial court in determining issues of conservatorship.  Tex. Fam. Code Ann. § 153.002 (West 2008).  The trial court is the sole judge of the weight and credibility of the evidence.  *Coleman v. Coleman*, 109 S.W.3d 108, 111 (Tex.App.--Austin 2003, no pet.).  The trial court is in a better position

---

contentions.  Additionally, Appellant's issues are multifarious, her briefing is difficult to decipher, and some of her arguments are incomprehensible.

[2]Throughout her analysis under issue one, Appellant mischaracterizes the trial court's Findings of Fact as Conclusions of Law which, she argues, require reversal under a *de novo* standard of review.  To the contrary, Findings of Fact have the same force and dignity of a jury's verdict upon questions and are reviewed the same as a jury's verdict.  *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991).

[3]A Standard Possession Order is one that complies with chapter 153, subchapter F of the Texas Family Code.

than an appellate court to determine the best interest factor because the trial court observed the parties and witnesses, noted their demeanor and had the opportunity to evaluate their claims. *Stucki v. Stucki*, 222 S.W.3d 116, 124 (Tex.App.--Tyler 2006, no pet.).

### 1. Analysis

There is a rebuttable presumption that the standard possession order (1) provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator and (2) is in the best interest of a child. Tex. Fam. Code Ann. § 153.252 (West 2008). Appellant asserts that the trial court's restriction on the maternal grandmother's visitation is a variance from the Standard Possession Order. Appellee urges that Appellant failed to make a written and timely request for the trial court to "state in the order the specific reasons for the variance from the standard order." *See id.* at § 153.258. *See also In the Interest of T.J.S.,* 71 S.W.3d 452, 458-59 (Tex.App.--Waco 2002, pet. denied).

Notwithstanding Appellant's contention that the trial court deviated from the Standard Possession Order and Appellee's argument that Appellant failed to make a timely request for specific reasons under section 153.258, this Court does not interpret the restriction on the maternal grandmother's visitation with the minor children as a variance from Appellant's possessory rights under the Standard Possession Order. The restriction does not limit Appellant's periods of possession under the Standard Possession Order. Furthermore, a close examination of the divorce decree reveals that

4

the paragraph limiting the maternal grandmother's visitation is set apart from, and prior to, that portion of the decree entitled "Standard Possession Order." Appellant does not complain of any other variances in the Standard Possession Order. Thus, we conclude section 153.258 does not apply and find no abuse of discretion by the trial court in the Standard Possession Order included in the decree.

Still arguing under issue one, Appellant relies on article 16, section 15 of the Texas Constitution and section 141.010 of the Texas Property Code[4] to support her contention that the trial court incorrectly awarded personal property of the minor children to Appellee without naming him as a custodian. She complains specifically about paragraph H-4 in the Division of Marital Estate portion of the divorce decree which awards Appellee "[a]ll clothing and personal possessions of the minor children . . . ." We disagree.

## B. Standard of Review-Division of Marital Estate

A trial court has broad discretion in dividing the marital estate, and we presume the trial court exercised its discretion properly. *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981). Section 141.010 is implicated when custodial property is created by (1) securities, (2) money paid or delivered, (3) ownership of a life or endowment insurance policy or annuity contract, (4) an irrevocable exercise of a power of appointment or an irrevocable present right to future payment under a contract, (5) an interest in real property, (6) a certificate of title, or (7) an interest in property not described in (1)

---

[4]Article 16, section 15 describes separate and community property of a husband and wife while section 141.010 is entitled "Manner of Creating Custodial Property and Effecting Transfer; Designation of Initial Custodian; Control."

through (6) that is transferred to an adult other than the transferor or to a trust company. Tex. Prop. Code Ann. § 141.010 (West 2007).

### 1. Analysis

As urged by Appellee, none of the "clothing and personal possessions" of the minor children awarded to him fall under the categories creating custodial property listed in section 141.010. Because Appellee was designated joint managing conservator with the exclusive right to designate the primary residence of the children, the trial court did not abuse its discretion in awarding him the children's personal possessions. Issue one is overruled.

**Issue Two**

By her second issue, Appellant challenges the following findings of fact:

1. The periods of possession comply with the Standard Possession Order.

2. It is in the best interest of the minor children for all contact of the maternal grandmother with the minor children be while they are in the presence of the Petitioner, Mickie Joe Blount.

3. It is in the best interest of the children that Nathan Bradley Blount . . . shall have the right to establish the primary residence of the children . . . .

4. That Nathan Bradley Blount receives as his separate property the following:

> All clothing and personal possessions of the minor children . . . .

Although multifarious, Appellant's second issue can be distilled to (1) disagreement with the trial court's decision to place a restriction on visitation between the minor children and the maternal grandmother, which she contends was not plead nor tried by consent,

(2) an erroneous and harmful admission of testimony from Sandra Hatcher, and (3) dissatisfaction with the award to Appellee of the minor children's personal possessions.

### A. Standard of Review--Findings of Fact

Findings of fact entered in a case tried to the bench have the same force and dignity as a jury's verdict upon questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, the findings are not conclusive when a complete statement of facts appears in the record if the contrary is established as a matter of law or if there is no evidence to support the findings. *Middleton v. Kawasaki Steel Corp.*, 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985) (per curiam).

A trial court's findings of fact are reviewable for legal and factual sufficiency by the same standards applied in reviewing the sufficiency of the evidence supporting a jury's finding. *Anderson*, 806 S.W.2d at 794. In reviewing a legal sufficiency issue, we consider only the evidence and reasonable inferences therefrom which, when viewed in their most favorable light, support the court's findings, disregarding all evidence and inferences to the contrary. *Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex. 1990). If there is more than a scintilla of evidence to support the finding, the no evidence challenge must fail. *Id.*

In considering a factual sufficiency issue, we review all the evidence and reverse only if the challenged finding is so against the great weight and preponderance of the

evidence as to be manifestly unjust.  *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *In re King's Esate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1962).  We are not to reweigh the evidence and set aside the finding merely because we feel that a different result is more reasonable.  *Pool*, 715 S.W.2d at 634.  The trier of fact is the sole judge of the credibility of the witnesses and the weight given their testimony, *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 549 (1962), and it may believe one witness and disbelieve another as well as resolve inconsistencies in testimony.  *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

**B. Standard of Review--Evidentiary Rulings**

A trial court has broad discretion in considering testimony and evidence, with regard to what conditions are detrimental or advantageous to children for the purpose of deciding custody issues in a divorce proceeding.  *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex.App.--Dallas 2004, no pet.).  A trial court's ruling on the admission of evidence is reviewed for abuse of discretion.  *In the Interest of J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005).  We will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment.  Tex. R. App. P. 44.1(a)(1).

**1. Analysis**

Initially, we address Appellant's argument that the trial court's restriction on the maternal grandmother's visitation was not based on the pleadings nor tried by consent. After the divorce hearing, counsel for Appellee requested by letter that the trial court

8

include a restriction in the decree on the maternal grandmother's visitation with the minor children. Counsel for Appellant disagreed with the request and objected to any such provision as being unsupported by the evidence. Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children. *Conley v. St. Jacques*, 110 S.W.2d 1238, 1242 (Tex.Civ.App.--Amarillo 1937, writ dism'd). When the parties invoke the jurisdiction of a court with respect to custody and control of a minor child, that vests the court with decretal powers in all relevant custody, control, possession, and visitation matters. *Dunker v. Dunker*, 659 S.W.2d 106, 108 (Tex.App.--Houston [14th Dist.] 1983, no writ). Courts are given wide discretion in these type proceedings. *Id.*

Regarding Appellant's challenge to the trial court's finding that the periods of possession comply with the Standard Possession Order, we have previously concluded that the finding is not an infringement of Appellant's possessory rights. As for the restriction on the maternal grandmother's visitation with the minor children, the evidence shows that during their marriage, Appellant and Appellee had an agreement not to expose their children to Appellant's mother because of the manner in which she had raised Appellant. Appellant testified that she had not had any communication with her mother between Christmas 2005 and May 2009.

Appellee testified that he had witnessed Appellant's mother strike her on the mouth. Sandra Hatcher, a lifelong friend of Appellant's, testified over relevance objections that Appellant confided in her about the relationship between Appellant and her mother. When Appellant was in high school, she decided to live with her father

because of physical altercations with her mother and instances of behavior which could be labeled as both physical and emotional abuse.[5]  During her testimony, Appellant admitted to not getting along with her mother but denied any physical or emotional abuse.

Appellant contends the trial court erroneously admitted Hatcher's testimony over her relevance objections.  We disagree.  Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Tex. R. Evid. 401.  Appellant, a teacher, testified she had found employment in Petrolia, a suburb of Wichita Falls.  She arranged day care for her daughter, who was too young for school, and her son would be attending school where she was teaching.  However, she had no support system nearby to help with the children or their activities.  Her mother, however, lived approximately sixty miles away.  We conclude the trial court did not abuse its discretion in admitting Hatcher's testimony and find the evidence is legally and factually sufficient to support the trial court's finding that it is in the best interest of the children to restrict their visitation with their maternal grandmother to being in Appellant's presence.

Appellant alleges legal and factual insufficiency of the evidence to support the trial court's determination that Appellee be awarded the right to establish the children's

---

[5]Hatcher testified that Appellant's mother would grab Appellant by the hair and slam her into walls and tell her she was worthless and useless.  She testified about an incident that Appellant confided in her that when she was ten or eleven, her mother slammed her head through a window for not properly cleaning the house.  Her mother then refused to take her to a doctor for stitches and stitched the wound herself. Hatcher continued that Appellant's mother told Appellant, "You've been nothing but trouble for me all your life and you're not getting me in trouble over this."

primary residence.  We disagree.  At the conclusion of the evidence, the trial court ruled

for Appellee and announced:

> I think the support for those children is so much greater.  [Appellant], you're moving to a new town.  You're around strangers.  Your family is 60 miles away.  We've got so much -- this is the hardest decision I've made as a Judge . . . .  I am always for the kids.
>
> * * *
>
> So understand upfront that my job . . . requires me to do what's in the best interest of . . . those children . . . .

The evidence is undisputed that Appellant and Appellee are both loving and caring

parents.  Both of them are teachers in small schools with exemplary ratings where their

children would attend school.  They both maintain suitable homes.  However, the trial

court, in its discretion, was persuaded by Appellee's supportive family, friends, and

community.  The proverb "it takes a village to raise a child," is apparent in the lives of

the children and the community of Paducah.  Appellee's parents, grandparents, and a

couple the children affectionately refer to as Granny and Gramps, are all very involved

in the children's lives and activities.  We conclude the trial court's finding is supported by

sufficient evidence.

Appellant also contests the trial court's finding awarding Appellee the children's

personal possessions.  As previously discussed, because Appellee was named joint

managing conservator with the exclusive right to determine the children's primary

residence, it is logical that he would be awarded their personal possessions, none of

which require him to be appointed as a custodian under the Texas Property Code.

11

Having reviewed the entire record, we conclude the challenged findings are all supported by more than a scintilla of evidence and are not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Lewelling*, 796 S.W.2d at 166. *See also Pool*, 715 S.W.2d at 635.

## III. Issue Three

By her third issue, Appellant maintains that her due process right to a fair and impartial judge was violated and that the trial judge should have recused himself. Her argument appears to be based upon four reasons: (1) the judge "spoke informally to a witness while he was on the stand," (2) he allowed inadmissible evidence, (3) he "include[ed] himself in the local environment to which the children were placed" and (4) he heard a King County case in Cottle County. We find no reversible error.

During the presentation of testimony the trial judge engaged in a verbal exchange with one of the witnesses, Justin Nash, that indicated some degree of familiarity between the two of them.[6] A review of the record, however, reveals that no objection was made to this exchange and no motion to recuse pursuant to Rule 18a of the Texas Rules of Civil Procedure was ever filed. Furthermore, no objection to the impartiality of the trial judge or to the propriety of hearing the case in Cottle County was ever made. In fact, the record reflects that both Appellant and her counsel signed a "Waiver of Venue" agreeing to conduct the trial of this case in Cottle County for the

---

[6]During the exchange, witness Nash directly addressed the trial judge by his first name. The exchange dealt with the value of goats in Cottle County. While the trial judge could have reminded the witness to maintain the decorum of the court by avoiding such personal exchanges, nothing about the exchange suggests to this Court any impropriety by the trial judge.

convenience of the trial court. Because no timely request, objection or motion was ever made, Appellant has preserved nothing for review. *See* Tex. R. App. P. 33.1(a)(1). Issue three is overruled.

## Conclusion

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice